OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

JUNE TERM, 1853, AT OTTAWA.

---

JOSEPH BRADLEY and WIFE, Appellants, *v.* HENRY SNYDER et al., Appellees.

## APPEAL FROM MARSHALL.

The holder by conveyance of an equity of redemption, claiming to hold subject to a mortgage, is not barred from redeeming the premises if they have been sold under a decree of foreclosure, if such holder was not made a party to the proceedings taken to foreclose. The mortgagee claiming under the mortgage cannot complain of the conveyance whether voluntarily or fraudulently made.

A lien upon mortgaged premises is not exhausted by a sale of them, and the holder of the equity of redemption, when he seeks to redeem these premises, must not only pay the sum for which they were sold, but the whole sum actually due on the mortgage.

Where the purchaser of premises supposes he has a good title and makes improvements in good faith, the holder of an equity of redemption to the same premises standing by in silence and seeing the purchaser expending his money and labor; if the holder of the equity attempts to redeem he must pay for the improvements less the rents and profits.

The penalty of twenty per cent. imposed by our school laws, for omitting prompt payment of school money loaned, is only imposed upon the borrower, and must be enforced by a special count, and is not a part of the contract contained in the bond or mortgage given to secure the money loaned.

The bill in this case alleges, that in July, 1838, Elias Thompson was the owner of the west half of the south-east quarter of section nine, in town thirteen, north of range east of fourth principal meridian, which he mortgaged to the school commissioner to secure the payment of $275, with twelve per cent. interest. Mortgage was recorded in Putnam county, but when Marshall was formed, record transferred. That after mortgage was made and recorded, Thompson and wife, in consideration of $1,000, conveyed the same land to Bradley and wife. That a bill was filed by the school commissioner of Marshall county, to foreclose the mortgage, omitting to make Bradley and wife parties. There was no defence to the bill to foreclose, and foreclosure followed. A special commissioner was appointed, who sold the land under the foreclosure of the mortgage, to one Tary, who gave a mortgage to the school commissioner, to secure the price bid at the sale. Tary afterwards conveyed to one C. S. Woodward, and he gave a mortgage to Snyder, school treasurer, to secure $164 and interest, which mortgage was also recorded. Woodward, in 1844, conveyed the same land to one Hoyt in fee-simple for the consideration of $260, which conveyance was recorded. Hoyt, in 1845, conveyed to Henry Woodward in fee-simple the east half of the land for $250, and his deed was filed for record, but not until after Hoyt knew that suit was to be commenced by Bradley and wife for leave to redeem the land from the mortgage given by Thompson. The bill charges that Bradley and wife had not notice of these proceedings, but that all the defendants had notice of the conveyance from Thompson to his daughter, who afterwards intermarried with Bradley. That Hoyt and the others have occupied the land and received the rents and profits, which are considerable.

The answer admits the making of the mortgages, the decree of foreclosure, &c., and the conveyances by the several parties following the foreclosure. Alleges that the complainants had actual notice of the proceedings to foreclose, and of the sale under the foreclosure at the time it occurred. Admits the occupation of the land, but denies there were profits, &c., and alleges that valuable improvements were made by Hoyt and others to the knowledge of Bradley and wife, who were residing in the vicinity of the land; that they made no claim to the land, and that Hoyt and others were ignorant that they had any claim; that Bradley had recommended the quality of the land to Hoyt; that the conveyance from Thompson to Mrs. Bradley was fraudulent and without consideration; that in default of paying interest on school money, that such interest becomes prin-

cipal, and bears twenty per cent. interest; that in default of payment of principal, such principal bears twenty per cent. interest.

Proofs were taken, at a term in April, 1852, of the Marshall Circuit Court, LELAND presiding as Judge. It was decreed, that the plaintiffs below had a right to redeem the west half of said south-east quarter section of land by paying the clerk of the court, on a day named, for the benefit of certain defendants, for the value of the improvements, and the principal and interest upon the mortgage, the sum of $3,341.24. And that if said money was not paid within the time specified, the bill should be dismissed. The money not having been paid as directed by the decree, in January, 1853, the bill was dismissed. Bradley and wife appealed.

O. PETERS and S. RAMSEY, for appellants.

N. H. PURPLE, for appellees.

CATON, J. There can be no doubt about the right of the complainants to redeem the premises from the mortgage under which the defendants in possession claim title from the purchaser under the proceedings to foreclose the mortgage. They took from the mortgagor a conveyance of the equity of redemption, and claimed to hold subject to the mortgage. It can matter nothing to the mortgagees or those claiming under the mortgage, whether the conveyance of the equity of redemption was voluntary or even fraudulent as to creditors. So long as the conveyance was subject to the mortgage, it could not be fraudulent as to them. So long as the lien of the mortgage was recognized and secured, it was no business of the mortgagees whether Thompson continued to hold the equity of redemption, or gave it to his daughter, or what became of it. The conveyance of the equity of redemption by Thompson to his daughter, and her subsequent marriage made the present complainants necessary parties to the foreclosure proceedings, and as they were not made parties, they are not bound by the decree of foreclosure, or the sale made under it. Notwithstanding the foreclosure, they have still a perfect right to redeem, as complete and absolute as if no foreclosure had ever been had.

The principal question is, When they apply to a court of equity for the enforcement of this right, upon what terms shall they be allowed to exercise it?

It was insisted upon the argument, that as the premises did not sell for the amount due upon the mortgage, and that as by

Bradley *v*. Snyder et al.

the foreclosure and sale the mortgage, even for the residue, ceased to be a lien upon the premises in the hands of the purchaser, the complainants were only bound to pay the amount for which the premises sold. That as a lien upon the land, the force of the mortgage was spent when the premises had been sold under it, and their value realized and applied in extinguishment of the mortgage; that the lien was exhausted and the connection between the mortgage and the incumbered premises completely severed. The answer to the suggestion is simply this, that the law is otherwise. When the owners of the equity of redemption come into court and seek to redeem, the application is not only in form but in substance, to redeem from the mortgage and not from the sale under the mortgage. They are bound by the mortgage and not by the sale, to which they were strangers, by reason of their not having been made parties to the proceedings of foreclosure. If they were to redeem from the sale and not from the mortgage, they must pay the amount of the purchase-money, whether that be greater or less than the amount due upon the mortgage. If they may say the purchaser is made whole by receiving the money which he paid for the premises, where the amount was less than that due upon the mortgage, he on the other hand may say that the complainants shall make him whole by paying the full amount paid at the sale, although it exceed the sum due upon the mortgage. But for the subsequent assignment of the mortgage by the mortgagee to the purchaser, which was done in this case, the purchaser it is true would have only had an interest in the redemption money to the amount which he had paid for the premises, and the balance of the redemption money would have gone to the mortgagee in satisfaction of the balance of the amount due upon the mortgage. In the case of Benedict *v*. Gilman, 4 Paige, 58, which is precisely analogous to this in principle, the law upon this question is laid down by the chancellor. The only difference between that case and this is, that the parties claiming the right to redeem were judgment creditors instead of the assignees of the equity of redemption, and the foreclosure was a proceeding under the statute of New York, to which the judgment creditors were not and could not be made parties, and hence did not bar their right to redeem. Kroom *v*. Detmas, 4 Paige, 526. The statutory foreclosure there had the same effect as did this foreclosure here. The purchaser filed his bill against the judgment creditors to compel them to redeem or to bar their right to do so. Gilman was the assignee of the judgments, and claimed the right to redeem by the payment simply of the amount which the purchaser had

Bradley *v.* Snyder et al.

paid, which was much less than the amount due upon the mortgage. The chancellor said: " The defendant Gilman is also under a mistake in supposing he has a right to redeem the mortgaged premises upon payment only of the sum for which they were sold, and that he is not bound to pay the whole sum actually due on the bonds and mortgages. Under a statute foreclosure if there are judgments subsequent to the mortgage which remain a lien upon the property at the time of the sale under the statute, the purchaser takes the whole legal and equitable interest in the property, as against the mortgagor and all persons claiming under him ; subject, however, to the equitable right of the judgment creditors to redeem in the same manner as if such foreclosure had not taken place. The amount which such judgment creditors are to pay upon the redemption of the premises does not depend upon the sum bid at the sale, but is regulated by the amount actually due at the time of such sale, unless it has been subsequently paid by the person who was equitably bound to pay the same." So here, unless Thompson, the mortgagor, has paid the balance due upon the mortgage after the sale, the present complainants must pay it as well as the purchase-money, in order to redeem, except the costs of the foreclosure, for which they are not responsible, for they were not parties.

In this case, also, we think the complainants are bound to allow the purchaser the value of the permanent improvements which he has placed upon the premises, less the rents and profits which he has enjoyed. On this point, also, the case of Benedict *v.* Gilman is an authority directly applicable, while the facts of the case before us are much stronger in support of the claim for improvements than were those of the case referred to. In that case, the improvements were made by the purchaser under the belief that his title was good ; but there is no intimation that the party claiming the right to redeem, encouraged the purchaser in making them, even by his silence, or that he ever knew they were being made. The only claim for their allowance was that they were made in good faith. And the chancellor says: " Under such circumstances, it would be inequitable and unjust to give the defendants the benefit of those improvements without compelling them to pay an equivalent therefor."

The case at bar goes further; here the purchaser not only supposed he had a good title and made the improvements in good faith, but the complainants stood by for years, and saw the purchaser expending his money and labor in improving the premises, all the while maintaining the profoundest silence to

the purchaser, as to their right to redeem. This, if not a legal fraud, is such conduct as this court can never reward by allowing the complainants to avail themselves of the benefits of the improvements, without compelling them to pay a just compensation therefor. This notice of the progress of the improvements, and silence of the parties, places this case on the highest grounds of equity and good conscience. It was objected, however, that the equity of redemption belonged to the wife, and that her silence should not prejudice her rights. In other words, that when a woman gets married she obtains a license to commit a fraud. Such is not and ought not to be the law. 1 Story's Eq. Jur. § 385. We are of opinion that the purchaser is to be allowed payment for his improvements, and that the complainants should only be allowed to redeem upon paying a just equivalent for them ; that is, the increased value of the premises arising from the permanent improvements made thereon by the purchaser, deducting therefrom the rents and profits of the premises since he took possession under his purchase. 4 Paige, 63.

The circuit court, however, very clearly erred in charging the complainants with the twenty per cent. penalty imposed by our school laws for not paying money loaned of the school fund at the time it becomes due. In the first place the complainants are not liable for the penalty in any form of action ; but it is by the statute imposed upon Thompson, who borrowed the money and executed the mortgage. Again, this penalty, we are of opinion, is not assignable, but is given to the school fund alone. But above all, the penalty could not be enforced in this form of proceeding, even were this a bill filed by the mortgagor against the mortgagee in possession to redeem from the mortgage. This penalty is given by the statute for wrongfully withholding money due the school fund, and is not a part of the contract contained in the bond or mortgage given to secure the money loaned. It cannot be recovered upon an ordinary declaration counting upon the contract, but a special count is required, claiming the penalty as given by the statute. Hamilton *v.* Wright, 1 Scam. 582. In that case, the court said : " The declaration is in the usual form of debt, and contains no claim for twenty per cent. damages in case of failure to pay the principal or interest. The instructions were properly refused. The twenty per cent. is given as a penalty, and it cannot be recovered unless the plaintiff claims it in his declaration." Had this bill been filed by the purchaser against the present complainants to foreclose their equity of redemption, there would have been as much propriety in their setting

up in their answer, as a set-off against the amount due upon the mortgage, a claim for the penalty which is given by our statute for cutting trees upon the premises, or any other penalty given by the statute for acts done upon the land or otherwise connected with the subject-matter of the suit.

The complainants are entitled to redeem upon paying the amount due upon the mortgage, and the value of the improvements as above indicated.

The decree of the circuit court must be reversed and the suit remanded, with directions for further proceedings conformable to the views of this court.

*Decree reversed.*