ELLA LYNDON

v.

THOMAS LYNDON.

1. MARRIAGE—*consent of parent or guardian of minor.* The provision of our statute requiring the consent of parents or guardians to be had when the parties intending to marry are in their minority, is founded in justice and in considerations of public policy. In such case they are in a state of servitude to their parents, from which they can not be released except by the consent of the parents.

2. SAME—*may be avoided before consummation, on the ground of fraud and deception practiced.* On bill to annul a marriage, and declare the contract void, it appeared that the complainant was a young school girl, only about fifteen years old at the time of the marriage; that the defendant was employed as her father's coachman, and while in such employ took advantage of his position, while driving the children out, to inveigle the complainant into the marriage; that he procured the license through perjury, by swearing positively that the complainant was of age; and that she never consummated the marriage by cohabitation, but immediately repudiated the same: *Held,* that the marriage, under such circumstances, ought not to be held valid, but ought to be declared void; but that, had the parties voluntarily lived together as man and wife, the latter knowing that the crime of perjury had been committed, it would have been held valid.

3. CHANCERY PRACTICE—*effect of amending bill on default.* When, after the defendant's default is taken in a suit in chancery, the complainant amends his bill, this virtually sets the default aside, and the defendant has the right to answer the same without any order setting aside his default.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, exhibited by Ella Lyndon, by her next friend, against Thomas Lyndon, to have a marriage declared void. The opinion of the court states the substance of the material facts.

Messrs. DENT & BLACK, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Superior Court of Cook county, to annul a marriage and to declare the contract void.

The court refused the prayer of the bill, and dismissed the same at complainant's costs. To reverse this decree, complainant appeals.

The complainant, it appears, was a young girl, about fifteen years of age. the daughter of a citizen of Chicago, who had employed the defendant as his coachman, in which capacity he was accustomed to drive out, in the family carriage, complainant, with the younger children. Instead of abiding by the implied understanding with which he entered his employer's service, it seems he early took occasion to inveigle this girl into the bonds from which she now seeks to be relieved; and he, to do so, committed the crime of perjury, having deliberately sworn before the clerk of the county court, in order to obtain the license to marry, that complainant was eighteen years of age. He swore this positively, not that he was informed and believed she was eighteen years of age, but that she was of that age.

Our statute provides, that the consent of parents or guardians must be had when the parties intending this union are in their minority. Being in such condition, they are in a state of servitude to their parents, from which they can not be released except by the consent of the parents. This provision is founded in justice and in considerations of public policy.

Appellant was a mere school girl, having just put on long clothes, and from the relations appellee stood to her and to her father, he was bound to respect her position and the father's rights. He entered his service with the implied understanding, at least, that he would violate no trust which the father had reposed in him, and take no advantage of his position, while driving the children out in the carriage, to

inveigle one of them into a marriage with him. It was a gross breach of trust, and though appellant was a party to it. before the final consummation she repented of her folly, and returned, so soon as the ceremony was performed, to the protection of her parents, where she has ever since remained, repudiating the affair as one in which her ju 'lgment had no part, and carried on by her in ignorance of its ultimate consequences, and in a moment of childish folly and delusion.

But, to obtain the license to marry this child, appellee resorted to perjury. He deliberately made oath she was eighteen years of age. Whilst the statute nowhere declares a license obtained by such means to be invalid, or the marriage consequent thereupon void, in a court of equity, when application is made to declare such a marriage null, it never having been consummated by cohabitation or coition, it becomes a proper subject of consideration.

We have found no case in the books like this. The one approaching it most nearly is *Robertson* v. *Cole,* 12 Texas, 356, and we are inclined to adopt the views presented in that case by the Chief Justice in delivering the opinion of the court. He says: "The license under which the officer of the law was officiating was not issued in good faith or on truthful statements, but on misrepresentations and false oaths. It was fair on its face, and was imposed on the plaintiff as one based in truth and as carrying with it all the sanctions of the statute, and as one which, among the public records, would be an evidence that the marriage was consummated with legal formalities, when, in fact, none of these things were true, and the appearance of the document among the public records would or might operate as an enduring stigma and reproach, and as furnishing evidence that the marriage would have been founded in falsehood and consummated in iniquity." The court then ask, "can the law condemn this victim of deception to a perpetual association with the criminal, by whom she has been inveigled into what, as to her, should be regarded as a mere mockery of marriage? If so, the boast of the law, that

all its partialities expire in its antipathy to fraud, will be but mere idle words, having no foundation in truth. A license procured by fraud and perjury, will have the same sanction as one based in truth, although immediately repudiated by the innocent party on whom it is attempted to be imposed. Whether she will or will not, she must be forced to become a virtual accomplice in the crime, and to receive to her embraces one who has polluted himself with perjury in the very act under which he claims the victim as his own."

We are inclined to think, with that court, that such can not be the conclusion of any law which has a due regard for its own authority, or for honesty, truth and conscience.

In this case, as in that, the child returned to her parents immediately after the ceremony, and continued to reside with them, repudiating the marriage, and which, in neither case, had been consummated. In that case, as in this, the crime of perjury was committed to obtain the license. Such a marriage we do not think should be held valid. If, however, notwithstanding this crime, the parties had voluntarily lived together as man and wife, she knowing it had been committed, the marriage would be held valid on the principle of acquiescence.

Upon the other point made by appellant, we are of opinion the defendant had a right to answer the amended bill, and setting aside the default, under the circumstances, was not necessary, for it appears, after the default was entered, complainant took leave to file an amended bill. This virtually set the default aside, and opened the way for an answer. *Gibson et al.* v. *Ray et al.* 50 Ill. 383.

The decree of the court below is reversed, and the cause remanded, with leave to the defendant to answer.

*Decree reversed.*

Mr. JUSTICE WALKER : I am unable to concur in the decision in this case. Whilst complainant was young, she was of age to consent, and should be bound by the contract of

marriage precisely as if she were of more mature age. The case cited from the Supreme Court of Texas is, in my judgment, not only unsupported by but is opposed to authority, and should not control the decision of this case.