MARTHA A. RODMAN *v.* MARTHA A. QUICK *et al.*

and

THE CENTRAL SAFETY DEPOSIT CO. *v.* M. A. RODMAN *et al.*

*Opinion filed October 24, 1904.*

1. PARTIES—*when foreclosure proceeding is a nullity.* A foreclosure to which the mortgagor or person having an equity of redemption is not made a party is, as to such person, a mere nullity.

2. SAME—*trustee is a necessary party to foreclosure proceeding.* A trustee in a deed of trust, as well as the *cestui que trust,* is a necessary party to a proceeding to foreclose a mortgage on the land.

3. SAME—*beneficiaries should be made parties where trustee is made a party.* In a chancery proceeding where the trustee is made a party the beneficiaries must also be made parties, unless so numerous that it would be impracticable to do so.

4. MORTGAGES—*effect where foreclosure proceeding lacks proper parties.* A purchase by the mortgagee at a foreclosure sale under a proceeding which is irregular for want of proper parties, amounts to no more, as to persons not parties, than an entry for condition broken, and if a stranger to the proceeding and mortgage becomes a purchaser, he will, as to those not made parties and having an equity of redemption, take an equitable assignment of the mortgage.

5. SAME—*when party seeking redemption need not pay costs of foreclosure.* On a bill by the holder of a trust deed to redeem from

a prior mortgage which was foreclosed without making her a party, the amount she must pay to redeem, consisting of the mortgage debt with interest to the time of redemption, together with such taxes and interest as have been expended under authority of the mortgage to preserve the title, cannot be increased by adding the costs and attorneys' fees in the foreclosure proceeding.

APPEAL from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

This is a bill filed by appellant, Martha A. Rodman, the legal owner and holder of a note secured by trust deed, to redeem from a prior mortgage made to Martha A. Quick, both upon the same farm located in Lake county, and which prior mortgage was foreclosed without appellant being made a party to the proceeding. The Central Safety Deposit Company was also made a party defendant to the bill and filed a cross-bill, in which it prayed to redeem from the Quick mortgage. Other parties were made defendants to the original bill, but those, except appellee Quick and the Central Safety Deposit Company, defaulted.

From the allegations of the bill it appears that one James C. Cozzens, on May 2, 1892, was the owner of the premises and was indebted to Martha A. Quick in the sum of $7500, and executed to her his three notes, each for the sum of $2500, payable in one, two and three years, respectively, with interest at the rate of six per cent, and secured the same by a trust deed upon said premises. Said Cozzens was also indebted to one Fred W. Cornish in the sum of $5000, and on the same day, but subsequent to the making and delivery of the Quick mortgage, he made two notes for $2500 each, due in one and two years, respectively, with interest at six per cent, payable to the order of said Cornish, and to secure the same executed a trust deed to one J. Robson Weddell. The Quick mortgage was recorded on October 12, 1892, and the Weddell trust deed on the 13th day of October, 1892, and it is alleged in the bill that the Quick mortgage was a prior and superior lien to the Weddell trust deed securing appellant's note. Appellant became the owner of one of the notes se-

cured by the Weddell trust deed and the Central Safety Deposit Company became the owner of the other said notes. On March 30, 1899, in the circuit court of Lake county, a decree of foreclosure of the Quick mortgage was had upon her bill for that purpose, the decree finding that there was due upon the mortgage the sum of $10,483.87, and on June 20, 1899, a sale under that decree was had, at which appellee Martha A. Quick became the purchaser for $10,747.15. In that suit neither Fred W. Cornish, the payee, nor Martha A. Rodman or the Central Safety Deposit Company, the legal holders and owners of the notes secured by the trust deed to Weddell, were made parties and had no notice of the proceeding. Weddell, the trustee, was made a party. The bill further alleges that after making her purchase under the foreclosure proceeding Martha A. Quick took possession of the premises and received large gains and profits by way of rents, etc., from said premises, which, it is alleged, amounted to more than the interest upon the debt secured by the Quick mortgage. The bill further alleges that the foreclosure proceedings, as to appellant, are and should be declared null and void by the court, and that appellant should be allowed to redeem from the Quick mortgage, and prays for a decree setting aside the sale and for the taking of an accounting to ascertain what is due appellee Martha A. Quick for principal and interest on the notes secured by her mortgage; that she be required to account for rents and profits derived from the premises while in her possession, and may be decreed, upon payment of the amount found due to her, to deliver up the possession of the mortgaged premises, free from encumbrance, to complainant, and that the mortgage of said Quick may be released and satisfied of record, and that appellant may be subrogated to all the rights of said Quick as against said Cozzens, and that said Cozzens may be decreed to pay appellant whatever sum shall be found to be due upon the taking of the accounting, together with costs of proceeding, and that in default the premises may be sold as the court may direct, etc.

The appellee the Central Safety Deposit Company filed its answer admitting the allegations of appellant's bill, and filed its cross-bill containing the same allegations and the same prayer as in appellant's bill, and containing the further allegation that since the foreclosure proceeding the appellee Quick had conveyed portions of said premises to one Albert C. Frost and to the Chicago and Milwaukee Electric Railroad Company. Martha A. Quick answered the bill and cross-bill, admitting all the substantial allegations of them, but denying that appellant had no notice of the pendency of the foreclosure proceeding or that she was entitled to redeem. Issues being joined, the cause was referred to the master to take proof, and to report the same, together with his conclusions, to the court. The master took the evidence and prepared his conclusions, finding the allegations of the bill supported by the evidence, and that appellant and said Central Safety Deposit Company were entitled to redeem from the foreclosure suit, and that the amount of redemption money required to be paid by one or both of them was the amount of the sale of the property under the foreclosure proceeding, with interest thereon at the rate of six per cent, and subsequent taxes paid, with interest thereon. To this report the appellant objected, upon the ground that the master should find the amount of redemption money to be the amount of the debt described in the Quick mortgage and notes, together with interest thereon to the date of redemption, instead of the amount bid at the foreclosure sale, with interest thereon. The objections were overruled. Exceptions were filed before the chancellor, which were overruled and decree had according to the report of the master, except that the master recommended that six months' time for redemption be allowed, while the chancellor found and decreed that the redemption should be made within three months or the bill dismissed. Appellant appeals from that decree, and urges that the court erred in finding the amount to be paid by appellant to be the amount of the sale at the foreclosure suit and in requiring appellant to pay all costs of the fore-

closure suit under the Quick mortgage, and further, that the time allowed for payment of the redemption money was unreasonably short.

GEORGE W. BROWN, for appellant.

W. H. KETCHAM, and C. H. THOMPSON, for appellees.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

It would seem to be well settled that a foreclosure proceeding to which the mortgagor or person having an equity of redemption is not made a party is, as to such person, a mere nullity. (*Bradley* v. *Snyder,* 14 Ill. 263; *Ohling* v. *Luitjens,* 32 id. 23; *Dunlap* v. *Wilson,* 32 id. 517; *Cutter* v. *Jones,* 52 id. 84; *Jeneson* v. *Jeneson,* 66 id. 259; *Rose* v. *Walk,* 149 id. 60; *Gage* v. *Brewster,* 31 N. Y. 218; *Vroom* v. *Ditmas,* 4 Paige, 526; *Gaskell* v. *Viquesney,* 122 Ind. 244; 23 N. E. Rep. 791.) Appellant was not made a party to the foreclosure proceedings under the Quick mortgage, and the fact that Weddell, the trustee, was made a party did not affect the rights of appellant. A trustee, as well as the *cestui que trust,* is a necessary party in a foreclosure proceeding, and the general rule is, we think, that when the trustee is made a party to a chancery proceeding the beneficiaries must also be made parties, unless they be so numerous that it would be impracticable to do so. (*Chicago and Great Western Railroad Land Co.* v. *Peck,* 112 Ill. 408; *VanVecthem* v. *Terry,* 2 Johns. Ch. 197.) In the case at bar the notes described in the trust deed, under which appellant claims her right to redeem, were payable to a person named in the trust deed. There were but two of them. One was assigned to appellant's intestate in 1893 and the other was assigned to the complainant in the cross-bill, and the case cannot be excepted from the general rule on the ground that the number of beneficiaries made it impracticable to join them.

Where the foreclosure proceedings are irregular for the want of proper parties and the mortgagee purchases at the

sale, it amounts to no more, so far as relates to the rights of persons not made parties, than an entry for condition broken, and if a stranger to the proceedings and mortgage becomes a purchaser, he will, as to those not made parties and having an equity of redemption, take an equitable assignment of the mortgage. *Jackson* v. *Bowen,* 7 Cow. 13; *Robinson* v. *Ryan,* 25 N. Y. 320; *TenEyck* v. *Casad,* 15 Iowa, 524.

If, then, as to appellant, the foreclosure proceeding and sale were null, it must follow that appellant's right to redeem does not depend upon or is not affected by such proceeding and sale, but is controlled by the equitable rights existing between appellant and Mrs. Quick, as holder of the mortgage. Divested of the features of the foreclosure proceeding and sale, the rights of Mrs. Quick under the mortgage, so far as they relate to appellant, were, to have the amount of her debt, with interest to the time of the redemption, together with such taxes and interest thereon as she may have paid under authority of her mortgage and to preserve title, and there might be added thereto necessary repairs. But these amounts could not be augmented by costs and attorneys' fees in the foreclosure proceeding, by which appellant is held not to be affected because not made a party thereto. 2 Jones on Mortgages, sec. 1084; *Gage* v. *Brewster,* 31 N. Y. 218; *Moore* v. *Cord,* 14 Wis. 213; *Benedict* v. *Gilman,* 4 Paige, 58; *Vroom* v. *Ditmas,* 4 id. 526; *Bondurant* v. *Taylor,* 3 G. Greene, 561; *Hosford* v. *Johnson,* 74 Ind. 479; *Gaskell* v. *Viquesney, supra; Jones* v. *Dutch,* 92 N. W. Rep. 735; *Dougherty* v. *Kudat,* 93 id. 317; *Childs* v. *Childs,* 10 Ohio St. 339; *Williams* v. *Rouse,* 124 Ala. 160.

In *Vroom* v. *Ditmas, supra,* it is said (p. 530) : "If the decree of the vice-chancellor in this case was right in other respects, it was clearly wrong in requiring the complainant, upon redeeming under the valid mortgage, to pay the adverse party costs of the statute foreclosure. In the case of *Benedict* v. *Gilman,* 4 Paige, 58, this court decided that the purchaser, under the statute foreclosure, was only entitled to the amount due on the mortgage under which he purchased, and that the

subsequent encumbrancer coming to redeem was not bound to pay the costs of a proceeding which, as to his rights, was wholly inoperative. The effect of a statute foreclosure is to transfer to the purchaser the rights of the mortgagee so far as he has any claim or interest in the mortgaged premises for the security of his debt, and also to transfer to him so much of the equity of redemption as was not bound by the lien of a junior mortgage or judgment. The title which Bacon acquired in this case under the sale to him was therefore precisely the same as if he had taken an assignment of Watson's mortgage and a deed from Ditmas and wife of all their interest in the premises, subject, of course, to the right of any intermediate encumbrancer, by mortgage or judgment, to redeem the premises by the payment of the amount due on the Watson mortgage at the time of the sale, with the interest thereon, if the legal claims of such subsequent encumbrancers were not paid." This case has been followed and cited in most of the authorities above mentioned upon this subject, and we think it states the rule most in accord with reason and the equities of the parties.

In *Bradley* v. *Snyder,* 14 Ill. 263, foreclosure was had and a sale made without making the daughter of the mortgagor, to whom the equity of redemption had been conveyed, a party. At the foreclosure sale the property brought less than the mortgage debt. The grantee of the equity of redemption brought her bill to redeem, and contended that she had the right to redeem by paying simply the amount for which the premises sold. It is there said (p. 266) : "The answer to the suggestion is simply this: that the law is otherwise. When the owners of the equity of redemption come into court and seek to redeem, the application is, not only in form but in substance, to redeem from the mortgage and not from the sale under the mortgage. They are bound by the mortgage and not by the sale, to which they were strangers, by reason of their not having been made parties to the proceedings of foreclosure. If they were to redeem from the sale and not from the mortgage, they must pay the

amount of the purchase money, whether that be greater or less than the amount due upon the mortgage. If they may say the purchaser is made whole by receiving the money which he paid for the premises where the amount was less than that due upon the mortgage, he, on the other hand, may say that the complainants shall make him whole by paying the full amount paid at the sale, although it exceed the sum due upon the mortgage." And it was held in that case that the sum to be paid was the amount of the debt secured by the mortgage, and interest, and not the amount bid at the sale; and it was further said (p. 267) : "So here, unless Thompson, the mortgagor, has paid the balance due upon the mortgage after the sale, the present complainants must pay it, as well as the purchase money, in order to redeem, except the costs of the foreclosure, for which they are not responsible, for they were not parties."

If Mrs. Quick had desired to bind appellant to pay the costs and attorney's fees of the foreclosure proceeding, she should have made her or her intestate a party to the suit, in which event the right of redemption would have been controlled by the decree and the statute regulating redemptions, and if redemption had not been made according to the terms of the decree the rights of appellant would have been barred. *Seligman* v. *Laubheimer,* 58 Ill. 124.

In the case last cited, as in the case at bar, the owner of the premises made two mortgages on the same day,—one to Seligman and the other to Saltgenstein,—their priority being in the order named. Foreclosure was brought by the first mortgagor, and Saltgenstein, the holder of the second mortgage, was made a party to that proceeding. The property was sold under the decree of foreclosure, and Seligman became the purchaser for nearly $1000 less than the amount found due him under the decree. Before the expiration of the year Saltgenstein redeemed under the statute, and Seligman brought a bill for a re-sale of the property to pay the deficiency, on the theory that the redemption by Saltgenstein was equivalent to a redemption by the mortgagor. It is there

said (p. 125) : "The second mortgagee, who redeemed from the sale, was the grantee of the mortgagors. By the express provision of the statute he had the right to redeem the lands by the payment of the amount bid by the plaintiff in error. If he had filed a bill in chancery to redeem, he would then be compelled to do equity by the payment of the prior mortgage debt before he could obtain any relief. But this redemption was a statutory right. Upon the payment of the amount bid, with interest, the original certificate of purchase was null and void. The equity of redemption established by the courts is entirely different from the statutory right. The one is governed by the principles of equity jurisprudence; the other is controlled, in its operation and effect, entirely by the statute. In the enforcement of the one right the party must pay all that is equitably due; in the other, he need only comply with the statute."

The distinction must be kept in mind between a statutory redemption, which is from the sale and not from the mortgage, and the equitable redemption established by the courts, in which the redemption is from the mortgage and not from any sale, and out of which springs the rule that the redemptor must do equity and pay all that is due under the mortgage, which may exceed the amount of the sale, and which may, in some cases, include not only the debt and interest, but taxes, repairs and betterments made and paid by a mortgagee who has entered for condition broken, (2 Jones on Mortgages,—4th ed.—sec. 1115,) and in reduction of which such mortgagee in possession may, in most cases, be required to account for rents and profits of the premises actually received or that could have been received by the exercise of reasonable care and diligence. *Harper* v. *Ely,* 70 Ill. 581; 2 Jones on Mortgages, (4th ed.) sec. 1114; *Troost* v. *Davis,* 31 Ind. 34; *Bradley* v. *Snyder, supra.*

It may be inquired what benefit the mortgagee derives from the foreclosure in such case. The rights of the mortgagor and all persons made parties are foreclosed, and cases frequently arise where the premises are of greater value than

all the encumbrances, and in such cases the foreclosure is of great benefit and gain to the mortgagee, as against whom, if he becomes the purchaser, a subsequent mortgagee has only the right of redemption, and in failure of which the mortgagee purchasing at such sale becomes vested with the absolute title. *Rose* v. *Walk,* 149 Ill. 60.

Appellees first argue that the court below should not have decreed to appellant the right of redemption, but as appellees did not assign cross-errors or in any manner raise this question upon the record we cannot consider it, but must assume that the decree is right and warranted by the law and the evidence, except as to the matters brought to our attention by the assignment of errors of appellant.

Appellees further contend that this court is committed to the doctrine that upon a redemption such as is sought to be made here, the redemptor must pay the costs of the foreclosure proceeding, and assert that such rule is announced in *Seligman* v. *Laubheimer, supra, Strang* v. *Allen,* 44 Ill. 428, and *Harper* v. *Ely, supra.* Those cases do not sustain the contention. *Seligman* v. *Laubheimer* was a statutory redemption, and, of course, the rule invoked by appellees applied in such case. In *Strang* v. *Allen* a first mortgage was foreclosed without making the second mortgagee a party. From that foreclosure a judgment creditor redeemed under the statute and paid the amount bid at the sale, with interest, and on bill to redeem by the second mortgagee it was held that as the judgment creditor exercised a statutory right in redeeming, in order to do which he was compelled to pay the amount bid at the sale, with interest, in the absence of a showing that the decree was for too large an amount, and in the particular case, equity required that the redemptor pay to the creditor the amount paid by him to redeem. That case was upon the particular facts, and does not, as we think, lay down any general rule of practice. *Harper* v. *Ely* does not even refer to the question, and only holds, in reference to costs, that the cost of a bill for redemption should be adjudged against the complainant in the bill.

The last assignment of appellant is, that the time fixed for the redemption is too short. The master recommended six months and the chancellor fixed ninety days. The sale was made in 1899. Appellant's mortgage debt was long past due then, and the bill to redeem was not filed until 1903,— nearly four years after the sale. We think appellant had ample time in which to determine whether she desired to redeem and to arrange for the payment, and are unable to say that the time fixed by the chancellor was unreasonably short.

The decree will be reversed upon the exception to the report of the master relative to the amount to be paid and the basis of computation thereof, and remanded to the circuit court for further proceedings in conformity with this opinion.

*Reversed and remanded.*