(No. 14728.—Reversed and remanded.)

F. B. ODELL *et al.* Defendants in Error, *vs.* SARAH LEVY *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1923—Rehearing denied April 4, 1923.*

1. MORTGAGES—*foreclosure decree is void as to owner of equity of redemption who is not a party.* A decree of foreclosure in a proceeding to which the person having the equity of redemption is not a party is a nullity as to him, is not *prima facie* evidence against him and cannot be made valid by any subsequent proceeding.

2. SAME—*decree void as to owner of equity of redemption can not be made valid by supplemental bill.* A decree of foreclosure which is void as to the heirs of the mortgagor because they were not parties cannot be made binding upon them by means of a supplemental bill after the decree and sale, as the supplemental bill is an original suit as to the heirs and the case must be proved against them from the beginning and in its entirety.

3. SAME—*right of purchaser at foreclosure sale where owners of equity of redemption are not parties.* The purchaser at a foreclosure sale under a decree to which the owners of the equity of redemption are not parties and which is therefore void as to them becomes the equitable assignee of the mortgage and acquires the legal title which was in the mortgagee, but the right to redeem is not affected.

4. SAME—*when owners of the equity of redemption cannot be charged with costs.* Heirs of the mortgagor who were not parties to the original foreclosure proceeding are entitled to redeem regardless of the decree and without paying the costs and solicitor's fees incurred in such proceeding, and they cannot be charged with such costs and solicitor's fees under a supplemental bill which seeks to amend the original decree and make it binding on them.

5. EQUITY—*decree pro confesso is rendered inoperative by subsequent amendment of bill.* Where there is a decree *pro confesso* the subsequent filing of an amended or supplemental bill authorizes

the defendants to answer both the original and amended or supplemental bills, as the amendment has the effect of rendering the previous order to take the bill *pro confesso* inoperative even where the purpose of the amendment is merely to rectify a clerical error.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

ALANSON C. NOBLE, and OTTO BAER, for plaintiffs in error.

BENJAMIN F. J. ODELL, and DEFREESE, BUCKINGHAM & EATON, for defendants in error. .

Mr. JUSTICE DUNN delivered the opinion of the court:

Emanuel Levy and Sarah Levy, his wife, executed a mortgage to F. B. Odell to secure the payment of an indebtedness of $8400. Emanuel Levy died, and Odell as owner, and the Chicago Title and Trust Company as trustee, filed a bill to foreclose the mortgage, alleging that the heirs of Levy were unknown, that the title to the mortgaged property was held in joint tenancy by Emanuel and Sarah Levy and therefore passed to Sarah upon Emanuel's death. Sarah Levy and the unknown heirs of Emanuel Levy were made parties to the suit, but on motion of complainants the cause was dismissed as to the heirs. Other lienholders were made parties but their interests do not now require consideration. A decree of foreclosure was rendered at the May term, 1917, and the mortgaged premises were sold by the master on June 25, 1917, to Orra W. Russell, to whom a certificate of sale was issued and the sale was approved by the court. On April 22, 1918, by leave of the court granted on their petition, Odell and Russell filed a supplemental bill, alleging the filing of the original bill against Sarah Levy and others, the dismissal of the unknown heirs of Emanuel Levy, and the subsequent proceedings resulting in the

decree of foreclosure and the sale to Russell. The supplemental bill also averred that the complainants therein were led to believe that Emanuel and Sarah Levy held the premises described in the bill as joint tenants, and for that reason the bill was dismissed as to the unknown heirs of Emanuel Levy, but that the complainants in the supplemental bill had been informed that there was some doubt as to whether or not Sarah and Emanuel Levy at the time of the latter's death held the premises in joint tenancy, for the reason that as it is now revealed, Frank C. Rathje, who is a defendant, held title by virtue of a deed to him from Emanuel and Sarah Levy in trust for Emanuel Levy. It is further alleged that Emanuel Levy died leaving his wife surviving him and three daughters, Katherine Levy Goldman, Ruth Levy and Julia Levy, the latter being a minor, his only heirs; that these heirs had served notice on the complainants that as the heirs of Levy they claimed the mortgaged property. The supplemental bill prayed that Katherine Levy Goldman, Ruth Levy and Julia Levy be made defendants; that their interests, if any, might be determined, and their right to redeem, if any, might be limited to the time of the period of redemption from the master's sale, and that an injunction issue restraining actions at law for possession and for general relief. The heirs of Emanuel Levy appeared and answered, admitting that they gave the notice alleged in the supplemental bill; averring that they were the children of Emanuel and Sarah Levy and sole heirs of Emanuel Levy, and that he was the owner, at the time of his death, of the equitable title in fee simple to the mortgaged premises by virtue of a declaration of trust made by Rathje, who was then the legal holder of the title to the premises in fee. A copy of this declaration was attached to the answer. On July 26, 1918, a decree was entered reciting a hearing upon the supplemental bill, the answer of the defendants thereto and the complainants' replication, and upon proofs and exhibits and with no further

finding than that all the material allegations in the supplemental bill of complaint are proved, it was ordered that the previous decree and the sale be made binding and with like effect on the defendants to the supplemental bill as though they had been made defendants to the original bill, except that they be given the right to redeem the premises from the sale on or before October 31, 1918, and in case of their failure to redeem by that time they should be forever barred from all equity of redemption. The defendants in the supplemental bill, the heirs of Emanuel Levy, sued out a writ of error from the Appellate Court, which affirmed the decree, and upon the petition of the plaintiffs in error a writ of *certiorari* was awarded to bring the record to this court for review.

The decree of foreclosure as to the plaintiffs in error was void. They were not parties to it. They were the equitable owners of the equity of redemption, and it is well settled that a decree of foreclosure in a proceeding to which the person having the equity of redemption is not a party is a nullity as to him. (*Rodman* v. *Quick,* 211 Ill. 546.) There was no authority for making them parties to the decree of foreclosure and binding them by the sale made under it by means of a supplemental bill. Since the decree was void as to them, the court could not in any kind of a proceeding give it any validity against them. Their land was subject to the mortgage debt in accordance with the terms of the mortgage, which could be enforced against them only in accordance with the usual and ordinary process of foreclosure. A decree to which they were not parties was not even *prima facie* evidence against them of anything and they could not through any proceeding be bound by its terms. The purchaser at a foreclosure sale upon a decree to which the owner of the equity of redemption is not a party and which is therefore void as to him becomes the equitable assignee of the mortgage and acquires the legal title to the land which was in the mortgagee, but the right

of the owner of the equity of redemption to redeem will be unaffected by the decree. (*Cutter* v. *Jones,* 52 Ill. 84; *Kelgour* v. *Wood,* 64 id. 345; *Alsup* v. *Stewart,* 194 id. 595; *Rodman* v. *Quick, supra.*) If the supplemental bill can be maintained as an adjunct or addition to the original suit, it must be regarded, so far as the plaintiffs in error are concerned, as an original suit, constituting, together with the original bill, one case, which the complainants were bound to prove in its entirety against the defendants from the beginning.

It is a rule of chancery practice that by filing an amended or supplemental bill all previous decretal orders are vacated and the defendants may answer the original and amended or supplemental bill. Such an amended or supplemental bill is held to make a new case and to authorize it to proceed as though a decree *pro confesso* had not been rendered. The defendant in such case has a right to answer both the original and supplemental bill. (*Gibson* v. *Rees,* 50 Ill. 383.) The effect of amending the bill after a decree *pro confesso* is stated to be, to render the previous order to take the bill *pro confesso* inoperative even where the purpose of the amendment is to rectify a clerical error. (1 Daniell's Ch. Pl. & Pr. (6th Am. ed.) *425; *Weightman* v. *Powell,* 2 DeG. & S. 570.) The effect of amending the bill after a decree *pro confesso* is to set aside the default without any order of the court. (*Gibson* v. *Rees, supra; Lyndon* v. *Lyndon,* 69 Ill. 43; *South Chicago Brewing Co.* v. *Taylor,* 205 id. 132; *Ruppe* v. *Glos,* 251 id. 80.) The relief sought by the supplemental bill was to make the decree of foreclosure already rendered, and the sale already made, binding on the plaintiffs in error. This could not be done. The decree included costs and a solicitor's fee of $1200, and these charges were included in the amount which plaintiffs in error would have been required to pay to prevent a sale. The plaintiffs in error had a right to redeem from the mortgage even after the decree and after the sale,

which were both void as to them, without paying any of the costs incurred in the foreclosure proceeding; and this would be so if they had come into court as complainants, asking to be allowed to redeem in equity. (*Rodman* v. *Quick, supra.*) Clearly the plaintiffs in error were entitled to redeem the premises, without regard to the void decree, by payment of the notes, with the interest, and so prevent a foreclosure or sale. Their liability could not be increased by a proceeding to foreclose the mortgage to which they were not parties. (*Moore* v. *Kirby,* 76 Wis. 273.) The court had no jurisdiction of the plaintiffs in error in the original suit, and the purchase price at the sale under the original decree could not be the measure of the amount required to redeem. (*Bradley* v. *Snyder,* 14 Ill. 263.) The plaintiffs in error are bound by the mortgage but not by the decree or sale. The statute secures to the mortgagor the right to redeem from a decree of foreclosure within twelve months after a sale under the decree, but the decree under review cuts off the right to redeem without any decree of foreclosure. The defendants in error had a right to foreclose their mortgage against the plaintiffs in error, but they could not make the plaintiffs in error parties to a decree of foreclosure rendered in their absence and without an opportunity for a hearing. Their supplemental bill, if properly amended, may be sustained as a bill seeking original relief by the foreclosure of their mortgage, but as against the plaintiffs in error the original decree can be given no effect whatever.

The judgment of the Appellate Court and the decree on the supplemental bill will be reversed and the cause remanded to the circuit court, with directions to permit the complainants to amend their bill if they ask leave to do so, and if they do not, to dismiss the bill.

*Reversed and remanded, with directions.*