## Sarah Levy et al., Appellees, v. F. B. Odell et al., Joseph E. Hesser and H. F. Soden, Appellants.

### Gen. No. 29,545.

1. FORECLOSURE OF MORTGAGES—*title of purchasers pending redemption period under void decree.* Where the decree in proceedings supplemental to foreclosure proceedings was held void and a nullity by the Supreme Court as to the heirs of a deceased comortgagor, because they were not made parties to that suit, the purchasers at the foreclosure sale acquired no legal rights under the decree as to such heirs, notwithstanding that the decree in the supplemental proceedings sought to make the decree in the original proceedings binding on such heirs; and the latter were held entitled to redeem, although they had not availed themselves of that right under the decree in the supplemental proceedings.

2. NOTICE AND RECORD OF TITLE—*constructive notice of foreclosure proceedings by purchasers under decree.* Even as to purchasers who are strangers to proceedings, the law presumes that they inspected the public records before purchasing, and they will be bound where the record disclosed the fact that necessary parties had been omitted in original proceedings, and also disclosed the want of jurisdiction to bind such parties by a decree in supplemental proceedings.

3. JUDICIAL SALES—*duty of purchasers to inspect records of proceedings.* The rule that purchasers at a judicial sale were under no legal obligation to inspect the records further than to determine whether the court had jurisdiction of the subject matter and parties, and that they were under no legal obligation to determine whether the court had correctly decided whether it could bind parties who had been omitted from the original suit, by a decree in supplemental proceedings, has no application where the decision in the supplemental proceedings was void and a nullity as to the parties.

4. JUDGMENTS—*collateral attack on void decree.* The rule protecting a judgment or decree from collateral attack where the court had jurisdiction is not applicable when the judgment or decree is void or a nullity.

Appeal by defendants from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 22, 1925. Rehearing denied July 10, 1925. *Certiorari* denied by Supreme Court (making opinion final).

BENJAMIN F. J. ODELL, for appellants.

ALANSON C. NOBLE, OTTO BAER and EARL J. WALKER, for appellees.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by Joseph E. Hesser and H. F. Soden, defendants, from a decree allowing Ruth Levy, Julia Levy and Katherine Levy Goldman, complainants, as heirs of their father, Emanuel Levy, to redeem from a mortgage executed by Emanuel Levy and his wife, Sarah Levy, to F. B. Odell, to secure the payment of an indebtedness of $8,400.

On the death of Emanuel Levy, Odell, as owner, and the Chicago Title & Trust Company, as trustee, filed a bill to foreclose the mortgage. The bill alleged that the heirs of Levy were unknown, that the title to the mortgaged property was held in joint tenancy by Emanuel and Sarah Levy, and therefore passed to Sarah Levy upon Emanuel Levy's death. Sarah Levy and the unknown heirs of Emanuel Levy were made parties to the suit, but on motion of the complainants the cause was dismissed as to the heirs. A decree of foreclosure was rendered in May, 1917, and the mortgaged premises were sold by the master on June 25, 1917, to Orra W. Russell, to whom a certificate of sale was issued. On April 22, 1918, by leave of court, Odell and Orra W. Russell filed a supplemental bill, alleging the filing of the original bill against Sarah Levy and the unknown heirs, the dismissal of the unknown heirs of Emanuel Levy and the subsequent proceedings resulting in the decree of foreclosure and the sale to Orra W. Russell.

The supplemental bill alleged that Ruth Levy, Julia Levy and Katherine Levy Goldman were the heirs of Emanuel Levy. They were made parties defendant to the supplemental bill and appeared and answered the supplemental bill. The prayer of the supplemental

bill was that the rights of the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman, might be determined, and that their right to redeem, if any, might be limited to the period of redemption fixed by the master in the sale under the decree in the original foreclosure proceedings. On a hearing of the supplemental bill a decree was entered finding that all of the material allegations in the supplemental bill were proved, and ordering that the previous decree of sale in the original foreclosure proceedings should be made binding on the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman, as though they had been made defendants in the original foreclosure proceedings, except that the heirs should be given 90 days additional to redeem from the sale in the original foreclosure proceedings.

The additional 90 days for redemption still left the time for redemption less than the period provided by the statute.

No appeal was prayed from the decree in the supplemental proceedings. After the expiration of the time fixed by the supplemental decree for the heirs to redeem, Orra W. Russell, the purchaser of the mortgaged property at the sale in the original foreclosure proceedings, sold the property to the defendants Hesser and Soden.

Subsequent to the purchase of the property by Hesser and Soden from Orra W. Russell, a writ of error was prosecuted from the decree in the supplemental proceedings to the Appellate Court, and the Appellate Court affirmed the decree. (*Odell v. Levy,* 224 Ill. App. 345.) The case was taken to the Supreme court by certiorari and the Supreme Court reversed the decree and remanded the cause. (*Odell v. Levy,* 307 Ill. 277.)

The defendants Hesser and Soden were not parties to the supplemental proceeding, but they were parties to the writ of error in the Appellate Court and also to the writ of error in the Supreme Court.

After the decree in the supplemental proceedings was reversed by the Supreme Court the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman, the complainants began the suit in the case at bar to redeem the mortgaged property from the mortgage, which was sought to be foreclosed in the original foreclosure proceeding and Hesser and Soden were made defendants.

On the hearing in the case at bar the court entered a decree giving the complainants, the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman, the right to redeem the mortgaged property. It is from this decree that the defendants, Hesser and Soden, have prosecuted the present appeal.

The ultimate question to be determined is whether Hesser and Soden had a legal right to rely on the decree in the supplemental proceedings, and were protected by the decree notwithstanding that it was subsequently reversed by the Supreme Court. The determination of this question depends on the question whether the decree in the supplemental proceedings was void as to the complainants, the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman. Numerous collateral questions have been argued by counsel for the defendants; but we do not think that it is necessary to enter into a discussion of those questions, as in our opinion the controversy properly may be confined to the small compass which we have indicated.

The rule is well established that a person purchasing real estate under a judgment or decree to which he is not a party will, where there is no defect of jurisdiction, and the purchase is made in good faith, hold the estate, notwithstanding a subsequent reversal on error of such judgment or decree. *Smith v. Erittenham*, 109 Ill. 540, 552; *Kuzak v. Anderson*, 267 Ill. 609, 612. It does not follow, however, that because a court has acquired jurisdiction of the parties and the subject matter that the court has the power to render a judgment or decree that transcends the law.

In the case of *Armstrong v. Obucino,* 300 Ill. 140, the court said (p. 143):

"Where a .court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law, the decree is void, and the sale based thereon is likewise an absolute nullity. * * * One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment."

The controlling question then in the case at bar is whether in the supplemental proceedings the decree of the court transcended the law. In other words, was that decree void and a nullity in so far as the complainants, the heirs, Ruth Levy, Julia Levy and Katherine Levy Goldman, are concerned? If it was, then the defendants, Hesser and Soden, were not protected by the decree and did not acquire a valid title by virtue of their purchase of the mortgaged property from Orra W. Russell.

According to our interpretation of the decision of the Supreme Court on the writ of error in the case of *Odell v. Levy, supra,* the decree in the supplemental proceedings was void and a nullity as to the complainants in the case at bar, and the defendants, Hesser and Soden, acquired no legal rights under the decree as against the complainants. Adopting a phrase from the opinion in the case of *Young v. Lorain,* 11 Ill. 625, 637, we would say that the decree in the supplemental proceedings was "rendered in the exercise of an usurped authority."

In the case of *Odell v. Levy, supra,* the court held (p. 280) that the decree in the original proceedings to foreclose the mortgage was "void" and a "nullity" as to the complainants in the case at bar, for the reason that the complainants were not parties to that suit; and the court also held that "there was no authority" for making the complainants parties "to the decree of foreclosure and binding them by the sale made under it by means of a supplemental bill." The court said (pp. 281, 282):

"Since the decree was void as to them, the court could not in any kind of a proceeding give it any validity against them. Their land was subject to the mortgage debt in accordance with the terms of the mortgage, which could be enforced against them only in accordance with the usual and ordinary process of foreclosure. A decree to which they were not parties was not even prima facie evidence against them of anything and they could not through any proceeding be bound by its terms. The purchaser at a foreclosure sale upon a decree to which the owner of the equity of redemption is not a party and which is therefore void as to him becomes the equitable assignee of the mortgage and acquires the legal title to the land which was in the mortgagee, but the right of the owner of the equity of redemption to redeem will be unaffected by the decree. * * * The relief sought by the supplemental bill was to make the decree of foreclosure already rendered, and the sale already made, binding on the plaintiffs in error. This could not be done. * * * The plaintiffs in error had a right to redeem from the mortgage even after the decree and after the sale, which were both void as to them, without paying any of the costs incurred in the foreclosure proceeding; and this would be so if they had come into court as complainants, asking to be allowed to redeem in equity. (*Rodman v. Quick, supra.*)   [211 Ill. 546.] Clearly the plaintiffs in error were entitled to redeem the premises, without regard to the void decree, by the payment of notes, with the interest, and so prevent a foreclosure or sale. Their liability could not be increased by a proceeding to foreclose the mortgage to which they were not parties. (*Moore v. Kirby,* 76 Wis. 273.) The court had no jurisdiction of the plaintiffs in error in the original suit, and the purchase price at the sale under the original decree could not be the measure of the amount required to redeem. (*Bradley v. Snyder,* 14 Ill. 263.) The plaintiffs in error are bound by the mortgage but not by the decree or sale. The statute secures to the mortgagor the right to redeem from a decree of foreclosure within twelve months after a sale under the decree, but the decree under review cuts off the right to redeem without any decree of

foreclosure. The defendants in error had a right to foreclose their mortgage against the plaintiffs in error, but they could not make the plaintiffs in error parties to a decree of foreclosure rendered in their absence and without an opportunity for a hearing.''

Counsel for the defendants argue that since the court had jurisdiction of the complainants, Ruth Levy, Julia Levy and Katherine Levy Goldman, who were actually parties defendant in the supplemental proceedings, and since the court also had jurisdiction of the subject matter in the supplemental proceedings, the decree in the supplemental proceedings was valid and binding on the complainants, Ruth Levy, Julia Levy and Katherine Levy Goldman, until reversed, and that Hesser and Soden, who were strangers to the original and supplemental proceedings, and who purchased the mortgaged property before the decree in the supplemental proceedings was reversed, had a legal right to rely on the decree in the supplemental proceedings.

It may be conceded for the sake of argument that the court had jurisdiction of the parties and of the subject matter in the original and supplemental proceedings, but in our opinion, as previously stated, the court transcended its jurisdiction when it attempted to bind the complainants in the case at bar by the decree in the supplemental proceeding. In this view it is immaterial whether the defendants in the case at bar were strangers to the original and supplemental proceedings, or parties to those proceedings. Even if they should be regarded as strangers to those proceedings, the law presumes that they inspected the public records before purchasing; and as the record in the supplemental proceedings disclosed the fact that the complainants who were necessary parties to the original proceedings had been omitted in that proceeding and also disclosed the want of jurisdiction of the court to bind the complainants by a decree in the supplemental proceedings, the defendants were not protected by the decree in the supplemental proceedings.

The rule is well settled that the law presumes that all men inspect public records through which a title to property is derived, before purchasing the property. If they fail to do so, the law will not protect them from the consequences of purchasing property under a void decree. *Rabbitt v. Weber & Co.,* 297 Ill. 491, 498; *Morris v. Hogle,* 37 Ill. 150, 155.

Counsel for the defendants contend that the defendants were under no legal obligation to inspect the record in the supplemental proceeding further than to determine whether the court had jurisdiction of the subject matter and of the parties; that the defendants were under no legal duty to determine whether the court had decided correctly the question whether it could bind the complainants by a decree in the supplemental proceeding. The contention of counsel for the defendants may be right where the decision of the court is merely erroneous but not void. The rule, however, does not apply where the decision, as in the supplemental proceeding, was void and a nullity as to the complainants. *Armstrong v. Obucino, supra* (pp. 140, 143).

It is contended further by counsel for the defendants that the suit in the case at bar is a collateral attack on the decree in the supplemental proceedings, and that the decree in the supplemental proceedings must be regarded as valid and binding on a collateral attack. Even if the proceeding in the case at bar should be regarded as a collateral attack on the decree in the supplemental proceedings, the rule protecting a judgment or decree from collateral attack, where the court has jurisdiction of the subject matter and of the parties, is not applicable when the judgment or decree is void and a nullity. *Armstrong v. Obucino, supra* (p. 143); *Figge v. Rowlen,* 185 Ill. 234, 241. And we have held that in the case at bar the decree in the supplemental proceeding was void and a nullity as to the complainants.

For the reasons stated in the opinion the decree of the chancellor is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.