Will B. Page et al., Appellants, v. Thomas E. Gray et al., Appellees.

Gen. No. 8,729.

Opinion filed April 25, 1934.   Rehearing denied June 25, 1934.

WELCH & HOFFMAN, for appellants; NINIAN H. WELCH, of counsel.

HALL & HULSE, for appellees; MINARD E. HULSE, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit in foreclosure brought by appellants against appellees. Thomas E. Gray and Cora A. Gray, his wife, were the owners of a certain lot in the City of Waukegan, Illinois. On March 31, 1924, they executed their four principal notes in the sum of $5,000 each, secured by a trust deed upon the aforesaid lot. Appellants became the holders of these notes

and on January 23, 1931, filed their bill in the circuit court of Lake county to foreclose the trust deed. Gray and wife, on November 1, 1924, conveyed the premises to Bessie Jacobs and Jacob Kaplan. Subsequently, and on August 25, 1925, Bessie Jacobs and husband conveyed their undivided one-half interest in the premises to the said Kaplan. He was the owner of the premises at the time of the filing of this bill. This fact was set up by appellants and he was made a party defendant.

A decree *pro confesso* was taken in said cause and sale had thereunder, which resulted in a deficiency of $2,000. A few days after the sale, Cora A. Gray died intestate. About 10 days after her death appellants procured the entry of an order approving the master's report of sale, and the entry of a deficiency decree jointly against appellee Thomas E. Gray and the personal representatives of Cora A. Gray, deceased. Upon execution being served under this decree, Thomas E. Gray individually and as administrator of the estate of Cora A. Gray, filed his motion to vacate and set aside the deficiency decree. Such personal representatives were not parties to the decree of foreclosure. This deficiency decree was erroneous. *Odell v. Levy,* 307 Ill. 277. The trial court properly vacated and set same aside. This was done without objection upon the part of appellants. Following this, appellants filed their supplemental bill in said cause claiming the right to a deficiency decree against appellee, Thomas E. Gray, individually and against him as the administrator of the estate of Cora E. Gray, deceased, praying that he might be required to make full and direct answer individually and as administrator, and that the court find the said Thomas E. Gray individually, to be jointly and severally liable with the said Thomas E. Gray as administrator of the estate of Cora A. Gray, deceased, for the payment of said deficiency; and for

general relief. It was stipulated by agreement of the parties, that appellee individually and as administrator of the estate of Cora A. Gray, deceased, was given leave to file answer in this cause.

Appellee filed his joint and several answer individually and as administrator, to the original and supplemental bill of complaint, setting up that the property in question had been conveyed by himself and wife as above set out, and that the grantee therein assumed and agreed to pay the mortgage indebtedness as a part of the purchase price; that on April 1, 1927, Jacob Kaplan was the owner in fee of the property; that on said date the appellants herein for a valuable consideration extended the time of payment of the mortgage indebtedness (which matured on said above date) for a period of three years; that neither appellee nor his wife, Cora A. Gray, had any knowledge or notice of any such extension and did not join therein or consent thereto, nor thereafter adopt or ratify the same. Appellants filed their replication to this answer. The cause was thereupon referred to the master to take proof and to report his findings. The master refused appellee the right individually and as administrator to offer testimony in support of the above allegations set forth in his answer to the original bill of complaint and to the supplemental bill. Appellee's objections to the master's report on this point were overruled and were permitted to stand as exceptions before the trial court. The trial court sustained appellee's exception to this portion of the master's report and ordered that he proceed to take proof thereon of the respective parties. The parties then entered into a stipulation before the master, in lieu of taking testimony, which stipulation after setting out the execution of the notes and trust deed, admits the conveyance of the property as claimed by appellee, subject to the trust deed herein involved, with the grantee assuming payment thereof as part of the purchase price, the

recording of same, that Jacob Kaplan owned the fee title at the time of the commencement of this suit, and admitting the extension of time granted by appellants to the said Kaplan for the payment of the mortgage, for a valuable consideration, as claimed by appellee, and without any notice thereof on the part of appellee or his wife, and that appellee and his wife did not join therein or consent thereto, or ratify or adopt the same.

A supplemental bill authorizes the court to proceed as though a decree *pro confesso* had not been rendered. By the filing of the supplemental bill all previous decretal orders were vacated and the appellee had the right to answer both the original and supplemental bill. *Odell v. Levy, supra,* at page 281; *Gibson v. Rees,* 50 Ill. 383, 406, 410. The court did not err in so ordering the master to proceed to take such proof.

The master in his report found that by reason of the said extension agreement between appellants and the said Jacob Kaplan, for a valuable consideration, extending the time of payment of the principal due in the mortgage for a period of three years, without the knowledge or consent of appellee or his wife, and without their joining in said agreement, and without their ratification of same, that they thereby were released from liability on the notes secured by the trust deed, and that the appellee was not liable upon the notes and not liable for the payment of any deficiency in the proceeds derived from the sale of the premises involved, either individually or as administrator of the estate of Cora A. Gray, deceased. Appellant's objections to the master's report were overruled by the master and permitted to stand as exceptions upon the hearing thereof before the court. The master's report was approved and confirmed. The trial court by its decree provided that the motion and application of appellants for the entry of a deficiency decree as against appellee, Thomas E. Gray, individually, and against him as administrator of the estate of Cora A. Gray, deceased,

be denied, and that the supplemental bill of complaint be dismissed for want of equity, at the cost of complainants therein.

There is no controversy regarding the facts in this case or the facts as found by the master in his report. A mortgagor of realty is released from further liability when he conveys the property subject to the mortgage, which the grantee assumes to pay as part of the purchase price, and thereafter, without the knowledge or consent of the mortgagor, the mortgagee enters into an agreement with the grantee for a valuable consideration, extending the time for payment of the mortgaged debt. *Albee v. Gross*, 250 Ill. App. 98 (certiorari denied in this case); *Douglass v. Ullsperger*, 251 Ill. App. 145.

In view of the foregoing facts the judgment and decree of the trial court was correct, and the same is affirmed.

*Judgment and decree affirmed.*