**F. B. Odell and Orra W. Russell, Defendants in Error, v. Sarah Levy et al., Plaintiffs in Error.**

### Gen. No. 26,276.

1. MORTGAGES—*bringing in necessary parties to foreclosure suit by supplemental bill.* Necessary parties in a foreclosure suit were properly brought in by a supplemental bill, after the entry of a decree, sale of the premises and issuance of a certificate of sale.

2. MORTGAGES—*effect of failure to make children of deceased mortgagor parties to foreclosure suit.* The omission of the children

of a deceased mortgagor as parties in a foreclosure suit did not make all the proceedings, including the decree and sale, a nullity, and such children were properly brought in by a supplemental bill filed after the sale of the premises and issuance of the certificate of sale.

3. MORTGAGES—*time for redemption after foreclosure.* The statutory period for redemption operates as a time limitation upon those only who were parties to the foreclosure proceeding; hence, children of a deceased mortgagor who were not brought in as parties until after a sale and issuance of a certificate had the right to redeem at any time during the running of the statutory period of 12 months after the sale, upon establishing their interest.

4. MORTGAGES—*when proper to extend time for redemption after foreclosure.* It was proper practice to extend the time of redemption 90 days, by the supplemental decree, as to children of a deceased mortgagor who were not parties in the original bill through misunderstanding or mistake, but who were brought in by supplemental bill filed after the entry of a decree, sale of the premises and the issuance of a certificate of sale.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed March 7, 1922.

HURLEY & BAER, for plaintiffs in error.

BENJAMIN F. J. ODELL and DEFREES, BUCKINGHAM & EATON, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This writ of error brings in review the decrees entered in a foreclosure proceeding and upon a supplemental bill thereto which was filed to make certain persons parties defendants who had been omitted from the original bill.

A decree was entered pursuant to the prayer of the original bill; the supplemental decree bound these additional defendants by the original decree and sale.

Complainants in error question the validity of the proceedings under the supplemental bill and the jurisdiction of the court to enter these decrees.

Odell et al. v. Levy, 224 Ill. App. 345.

July 24, 1916, complainant, F. B. Odell, filed his bill in the circuit court to foreclose a second mortgage executed by Emanuel Levy and Sarah Levy, his wife, secured by property alleged to be held by them in joint tenancy. Emanuel Levy had died prior to the filing of this bill; service was had upon Sarah Levy individually and as the personal representative of Emanuel Levy, deceased. The bill also named as parties defendant the unknown heirs and next of kin of Emanuel Levy, deceased, and the sheriff's return shows them as not found. Complainant was thereafter advised that Sarah Levy was the sole surviving heir and next of kin of Emanuel Levy, deceased. There was found of record a warranty deed executed by Emanuel and Sarah Levy to F. C. Rathje, which was in the nature of a trust deed to secure certain mechanic and material claimants. Complainant thereupon amended his bill by dismissing as to the unknown heirs and next of kin of Emanuel Levy, and making Frank C. Rathje, the grantee in the warranty deed, an additional party defendant. Cause proceeded to hearing and although Sarah Levy was represented by counsel, no objection was made to these amendments and no attempt made to correct the misinformation of complainant as to the existence of any children of Emanuel Levy. The foreclosure proceeded to decree and the premises were sold June 25, 1917, to Orra W. Russell, a stranger to the proceedings. January 14, 1918, a notice was served upon the receiver appointed in the foreclosure proceeding, purporting to be from Katherine Levy Goldman, Ruth Levy and Julia Levy, a minor, as children of Emanuel Levy, deceased, claiming that their father was the sole, equitable owner of the premises at the time of his death. It was then for the first time known to complainant, Odell, that Emanuel Levy died leaving children and that they claimed that Rathje, under his warranty deed, held title in trust for Emanuel Levy and also for various creditors.

Thereupon, April 22, 1918, said complainant, Odell, and the purchaser at the sale, Orra W. Russell, by leave of court, filed their supplemental bill making said children of Emanuel Levy parties defendant. Said bill recited the substance of the allegations of the original bill with reference to the execution of the notes and trust deed, that the children were not made parties defendant in that proceeding and that a decree had been entered and the premises sold and a certificate of sale issued to Russell; that said children were omitted as defendants in the original bill by misunderstanding and mistake, as complainant Odell was not aware of their existence at the time of the original proceedings, hence it was necessary to file a supplemental bill to obtain jurisdiction over them. The supplemental bill asked that a guardian *ad litem* be appointed for Julia Levy, a minor, and a summons be issued to said new parties. These defendants submitted to the jurisdiction of the court, the minor by guardian *ad litem,* and filed answers disclosing the existence of an unrecorded and undated trust agreement entered into by and between said Rathje and Emanuel Levy and Sarah Levy. Hearing was had upon the supplemental bill and answers. July 26, 1918, a decree was entered on the supplemental bill making the proceedings under the original bill and the decree and sale binding and of like effect on the defendants to the supplemental bill the same as though they had been made defendants to the original bill, except that said defendants Katherine Levy Goldman, Ruth Levy and Julia Levy, a minor, were given the right to redeem said premises from said sale to and including October 31, 1918, and that if said redemption should not take place on or before that date, all persons claiming under them should be forever barred and foreclosed from all equity of redemption and claim of and in said premises.

There was no appeal from the original or the supplemental decree. This writ of error was sued out of

this court July 23, 1920. Under the above circumstances the filing of the supplemental bill was the proper method of curing the omission of necessary parties in the original bill. Such practice has been long approved. Story's Equity Pleading (8th Ed.) sec. 334; 2 Barbour's Chancery Practice 62; 27 Cyc. 1582.

Defendants in their brief say they do not question the right to file the supplemental bill but do question the decrees. The argument seems to be that the omission of the children of Emanuel Levy, deceased, from the original bill made all the subsequent proceedings thereunder void. In the cases cited to support this are expressions to the effect that where the mortgagor is not made a party to the foreclosure proceeding, as to such person, the proceeding is a nullity. These cases have no application here; the children of Emanuel Levy were not mortgagors and while their equity of redemption could not be cut off except in a foreclosure to which they were parties it does not follow that their omission from the original bill made all the proceedings thereunder a nullity. There is no precedent for so holding and the writers above referred to and the cases cited by them approving the practice of filing a supplemental bill all say that the omission of parties, whether necessary or proper defendants, may be cured by a supplemental bill.

The substance of defendants' argument is that by these proceedings they were deprived of the full statutory period of redemption, which is 12 months. This is not tenable; the only right which the children of Emanuel Levy had was as owners of the equity of redemption. The statutory period for redemption operates as a time limitation upon those only who were parties to the foreclosure proceeding. It is not a limitation upon those not parties who may have the right of redemption. Such persons have the right at any time during this period to redeem, upon properly asserting their interest in or right to the equity of re-

demption. Hence these children at any time during the running of the statutory period of 12 months after the sale could have redeemed upon establishing their interest.

While the children were not barred by the expiration of the statutory period, it was proper practice within the sound discretion of the chancellor to extend the time of redemption to a reasonable period and to fix a time limit upon their right to redeem. This time was extended 90 days by the supplemental decree.

Cases supporting this practice are *Walker v. Warner,* 179 Ill. 16; *Alsup v. Stewart,* 194 Ill. 595; *Cutter v. Jones,* 52 Ill. 84; *Taylor v. Dillenburg,* 168 Ill. 235; *Bremer v. Calumet & C. Canal & Dock Co.,* 127 Ill. 464; *Ellison v. Miller,* 137 Ill. App. 208; 27 Cyc. 1817.

It is also claimed that the supplemental decree is improper in that it compels these additional defendants to pay solicitors' and receivers' fees and other expenditures, in order to redeem. The original decree found due $9,152.39, exclusive of such fees and costs. The interest on this to the date of the supplemental decree increased this amount to approximately $9,800; the premises were sold for $9,500; these heirs could redeem by paying the amount of the sale with interest, which was less than they would have been required to pay on any decree which might have been entered on a bill to redeem. *Rodman v. Quick,* 211 Ill. 546.

The proceedings were in accordance with approved practice and the decrees were properly entered and are affirmed.

*Affirmed.*

Dever, P. J., and Matchett, J., concur.