[No. 22605. Department Two. December 30, 1930.]

SPOKANE SAVINGS AND LOAN SOCIETY, *Respondent,* v.
C. D. LILIOPOULOS *et al, Appellants.*[1]

*C. D. Liliopoulos,* for appellants.
*Shank, Belt, Fairbrook & Rode,* for respondent.

FULLERTON, J.—The respondent, Spokane Savings
and Loan Society, instituted this action to foreclose a
real estate mortgage. The mortgagors, C. D. Lilio-
poulos and Olga C. Liliopoulos, his wife, appeared and
defended, putting in issue by denials all of the allega-
tions of the complaint. The trial resulted in a decree
of foreclosure, from which decree the mortgagors
appeal. No statement of facts accompanies the
record, the appellants submitting it to this court on

[1]Reported in 294 Pac. 561.

a transcript of the proceedings as filed in the office of the clerk of the trial court.

Three errors are assigned for reversal, stated by the appellants in their brief in the following language:

"One: The court was without jurisdiction, under the rules, to set this cause on the short trial calendar, in the face of the pleadings.

"Two: The court erred in allowing $700 as fee for services of attorney.

"Three: The decree is void, in that all parties interested were not joined as parties, a subordinate mortgagee being a necessary party for the determination of the issues in a foreclosure action."

█ The first of the errors is founded upon what the appellants conceive to be a violation of the special rules of the superior court of the county in which the case was tried. The special rules provide for two trial dockets to be made up by the clerk of the court. In the one are placed all contested cases where it appears that an issue is framed which will require an extended trial; in the other, called the "short trial docket," are placed cases in which it appears that there is "no substantial defense, set-off, or counterclaim to the action." After the present case had been put at issue, the respondent's counsel moved the court to place it on the short trial docket, supporting his motion by an affidavit stating that there was no substantial defense, set-off, or counterclaim to the action. After the motion and affidavit were filed, the clerk of the court docketed the case on the short docket, and the trial court refused, on motion of the appellants, to transfer it to the regular trial docket.

The appellants argue that the question is one of jurisdiction; that the court is without power, under the rules, to transfer the case from one docket to the other without a showing of facts warranting the transfer, and that the affidavit on which the change was

made is a conclusion of the affiant and not a statement of fact. But we are not persuaded that any question of jurisdiction is involved. Rules of court are but expedients to further the transaction of the business of the court, and departures therefrom are not reviewable unless it appears that the departure has operated to the injury of the complaining party. Here nothing of injury appears. It is not claimed that the appellants were deprived of an opportunity to defend on the merits of the action. On the contrary, the claim is that the case was reached for trial a few days sooner than it would have been reached had it been placed on the general trial docket. Obviously, this is not a cause for reversal.

There being no statement of facts in the record, showing what occurred at the trial of the case, we cannot say that the attorney fee allowed was excessive, unless we can say that under no circumstances or conditions could an attorney fee in the amount awarded be sustained in an action of this sort. This we are unable to do. The amount due upon the mortgage approximated $9,000. There was a denial of nonpayment, a denial that the mortgage debt was due, and even a denial of the due execution of the mortgage by the mortgagors. The issues could have involved a protracted trial, and, in the absence of a showing of what actually occurred, the amount allowed as attorney's fees must be left as the trial court allowed them.

The third objection is founded on the fact that there was a junior mortgagee not made a party defendant in the action. It may be questioned whether the fact appears in the record in such a way as to enable this court to notice it; but, conceding that it does, it furnishes no ground for a reversal of the decree of foreclosure. The most that can be claimed is that the junior mortgagee's rights have not been foreclosed by

74

the decree. But whether or not he was a necessary party was the concern of the plaintiff in the action, not the concern of the defendant mortgagors. In other words, there is no specific mandate, either in the statute or in the general rules of law, which imperatively requires that a junior incumbrancer be made a party to a mortgage foreclosure proceeding.

The judgment is affirmed.

MITCHELL, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.