Robert T. Mulholland et al., Appellees, v. Thomas H. Landise and Unknown Owners, Appellants.

Gen. No. 38,598.

Opinion filed March 23, 1936.

THOMAS H. LANDISE and ODE RANKIN, both of Chicago, for appellants; ODE RANKIN, of counsel.

BRENNER & MCBRIDE, of Chicago, for appellees; THOMAS G. MCBRIDE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs filed a bill to foreclose a trust deed and made defendants thereto Thomas H. Landise (a judgment creditor of the grantors named in the trust deed who had perfected the lien of his judgment against the premises) and unknown owners. Landise answered, admitting the material averments of the bill as to the execution of the notes, trust deed, etc., but setting up by way of defense that Thomas Mulholland, deceased, plaintiffs' predecessor in title, had filed a prior bill to foreclose the same trust deed and in that proceeding obtained jurisdiction of the parties; that a decree of foreclosure and sale was entered, and that the master sold the premises to Thomas Mulholland for $11,488.30; that the sale was approved by the court on May 3, 1933; that the premises were not redeemed, and a deed thereto was duly issued to the purchaser; that defendant was not made a party to the proceeding, notwithstanding his lien against the premises, and that by reason of this prior proceeding, the notes, trust deed, etc., were merged in the decree entered in that case and

lost their legal existence; that plaintiffs could not maintain a second foreclosure against the same property for the same indebtedness; that plaintiffs, upon the expiration of the period of redemption, became vested with the fee simple title and could not in this suit foreclose against themselves.

Plaintiffs filed a motion in the nature of a demurrer to strike the answer as substantially insufficient in law in certain specified respects: because the right of plaintiffs to foreclose the trust deed was not affected by a former suit, to which defendant Landise was not a party and which was as to him a nullity; the right of defendant was only to redeem from the mortgage the principal debt, interest, taxes paid, and the costs of the suit at bar; defendant was bound by the mortgage but not by the decree of sale, and Thomas Mulholland lost no equity as against Landise in the former suit; plaintiffs were entitled to the mortgage and its incidents by descent from Thomas Mulholland and became the equitable assignees of the mortgage, but the right of Landise to redeem was not thereby affected; plaintiffs, whose rights of lien and equity under the mortgage were prior to the right of redemption of Landise, had a right to foreclose the mortgage by the usual and ordinary process as against him until the debt was paid in full.

March 28, 1935, the court sustained the motion to strike the answer, and on May 18th, for failure of Landise to file an amended answer, entered his default. A decree finding that the sum of $17,085.30 was due on the mortgage was thereafter entered, and upon default in payment the master to whom the cause had been referred sold the premises to plaintiffs. The report of sale of the master showed a deficiency of $2,488.96, for which plaintiffs were given a lien on the rents pending the period of redemption.

Defendant Landise appeals, contending that plaintiffs' remedy was not by a bill to foreclose but by way of a bill to compel defendant to redeem from the sale under the first foreclosure; that the right of an omitted lienor to redeem and the right of a purchaser at the sale to compel redemption are reciprocal rights recognized in equity which may be waived or completed, and that property cannot be twice subjected to the same debt. Defendant cites a number of cases in which under the circumstances existing in each of them, a party was granted leave to redeem by a court of equity. These cases are all clearly distinguishable from the instant case, in that in every one of them the person entitled to redeem appeared and obtained a decree upon his own initiative, allowing him to make redemption by paying the debt, interest and costs within the time fixed, in default of which his bill was dismissed and he forever barred from his equity of redemption. As plaintiffs point out none of these cases was a bill to compel redemption, nor in any one of them was the decree prayed by a complainant who was in the position in which these plaintiffs appear to be. Indeed, plaintiffs assert that a bill to compel redemption is not known to equity practice, and they say that no such case can be found in the books. Defendant replies that a bill to foreclose a mortgage is in the nature of a bill to compel redemption. There is, however, a clear distinction between a bill to foreclose a mortgage, or any other lien, and a bill to obtain or compel the exercise of the right of redemption, and this distinction is recognized in the cases cited by defendant, namely, *Harper v. Ely,* 70 Ill. 581; *Decker v. Patton,* 120 Ill. 464; *Bremer v. Calumet & Chicago Canal & Dock Co.,* 127 Ill. 464; *Chicago & Calumet Rolling Mill Co. v. Scully,* 141 Ill. 408.

In *Decker v. Patton,* Decker, who had a subordinate interest in the premises, had not been made a party to

the suit to foreclose. The property was sold, and complainant Patton purchased it. Decker then filed a bill to redeem. The decree found that Decker should be allowed to redeem upon paying a certain amount found due; that in default of such payment within the time specified, the bill would be dismissed and he barred from all equity of redemption. Decker sued out his writ and argued error in that the decree did not direct a sale of the premises. The Supreme Court said that the time allowed was quite liberal, and that unless the law imperatively demanded a resale in case of default, no good reason existed for the insertion of such a provision in the decree. The opinion says:

"But it is said in the argument, that the property was worth more than the mortgage debt, and if there were judgment creditors, it was erroneous to decree a strict foreclosure. Had this been a bill to foreclose a mortgage, and had a decree been rendered cutting off the rights of parties in interest, without a sale of the mortgaged premises, and denying the redemption *provided by the statute,* there might be force in the argument. But such was not the case. . . . The decree which was rendered in this case may, and probably does, cut off all equities and rights of Decker in case he fails to redeem within the time prescribed by the decree, but that does not render it *a strict foreclosure decree, as contended by counsel for plaintiff in error. On the other hand, it is an ordinary decree on bill to redeem.*"

In support of his contention that plaintiffs could maintain a bill in this suit to compel redemption, defendant cites *Rose v. Walk,* 149 Ill. 60. In that case a bill was filed to foreclose a junior mortgage against purchasers at a foreclosure sale under a senior mortgage. Complainants did not offer to redeem; they averred that they had not been made defendants to the foreclosure of the senior mortgage. They claimed the

right to foreclose their mortgage subject to the lien of the senior mortgage because they were not bound by that decree, not being parties to the proceedings, but the court drew a distinction between the foreclosure of a second mortgage before and after the foreclosure of the first, holding that after the foreclosure and sale under the first mortgage, "the interest theretofore existing under the senior mortgage and the equity of redemption are merged, and the grantee in such conveyance takes the fee subject only to an equitable right of redemption in junior incumbrancers who were not parties to the decree of foreclosure." The court added: "Nothing remained in such junior mortgagees except a right in equity to redeem, and, upon redemption, to subject the land to the lien of their mortgage."

Defendant reasons that as by such proceeding there the junior incumbrancers lost their right to foreclose against those whose rights had been merged with those of the purchaser at the senior lien sale, the purchaser here lost his right to foreclose against the junior lienor's right of redemption. The situations are not analogous, in that in the first case as against the junior lienor, nothing was left in the owner of the equity of redemption which could be made the subject of levy or appropriation; while here, as against the person taking title through the senior mortgage sale, there is outstanding a statutory right of redemption which must be foreclosed in some appropriate way in order to vest a clear title in the owner.

There are a number of cases where the nature of the right of the inferior lienor as against the purchaser has been considered. In *Bradley v. Snyder,* 14 Ill. 263, the court held the secondary lienor in the exercise of his right to redeem was bound by the mortgage and not by the sale, and in *Walker v. Warner,* 179 Ill. 16, the court held that a purchaser from a mortgagor,

which purchaser had not been made a party to the foreclosure of the mortgage, merely succeeded to the rights of the mortgagor, and that the failure to make him a party did not affect the validity of the decree but left his right of redemption unimpaired; and that this right was an equitable one which it was necessary to assert in a court of equity.

In *Rodman v. Quick,* 211 Ill. 546, Quick, holder of the first mortgage, foreclosed, failing to make the trustee of a second and inferior mortgage a party. There was a decree of sale, and the holder of the second mortgage filed a bill to redeem from the Quick mortgage. The court said:

"Where the foreclosure proceedings are irregular for the want of proper parties and the mortgagee purchases at the sale, it amounts to no more, so far as relates to the rights of persons not made parties, than an entry for condition broken, and if a stranger to the proceedings and mortgage becomes a purchaser, he will, as to those not made parties and having an equity of redemption, take an equitable assignment of the mortgage. *Jackson v. Bowen,* 7 Cow. 13; *Robinson v. Ryan,* 25 N. Y. 320; *Ten Eyck v. Casad,* 15 Iowa, 524.''

In *Odell v. Levy,* 224 Ill. App. 345, one Russell became the purchaser at the foreclosure sale held June 25, 1917. April 22, 1918, by supplemental bill certain minors who had been omitted (inadvertently) as defendants were brought in, and July 26, 1918, complainants procured a supplemental decree, making the original decree binding upon the omitted defendants with the exception that they were given until October 31, 1918, to redeem from the sale, the decree providing that upon failure to redeem within that time they should be barred and the bill dismissed. This decree was reversed in *Odell v. Levy,* 307 Ill. 277. The Supreme Court said in substance that it was a rule of chancery practice that by filing an amended or supplemental bill

all previous decretal orders were vacated and defendants had a right to answer; that such a bill made a new case, and defendants had a right to answer both the original and the supplemental bill. The court added:

"The relief sought by the supplemental bill was to make the decree of foreclosure already rendered, and the sale already made, binding on the plaintiffs in error (defendants). This could not be done. The decree included costs and a solicitor's fee of $1,200, and these charges were included in the amount which plaintiffs in error would have been required to pay to prevent a sale. The plaintiffs in error had a right to redeem from the mortgage even after the decree and after the sale, which were both void as to them, without paying any of the costs incurred in the foreclosure proceeding; and this would be so if they had come into court as complainants, asking to be allowed to redeem in equity. (*Rodman v. Quick, supra.*) Clearly the plaintiffs in error were entitled to redeem the premises, without regard to the void decree, by payment of the notes, with the interest, and so prevent a foreclosure or sale. Their liability could not be increased by a proceeding to foreclose the mortgage to which they were not parties. (*Moore v. Kirby*, 76 Wis. 273.) The court had no jurisdiction of the plaintiffs in error in the original suit, and the purchase price at the sale under the original decree could not be the measure of the amount required to redeem. (*Bradley v. Snyder*, 14 Ill. 263.) The plaintiffs in error are bound by the mortgage but not by the decree or sale. The statute secures to the mortgagor the right to redeem from a decree of foreclosure within 12 months after a sale under the decree, but the decree under review cuts off the right to redeem without any decree of foreclosure. *The defendants in error had a right to foreclose their mortgage against the plaintiffs in error, but they could not make the plaintiffs in error parties to a decree of fore-*

*closure rendered in their absence and without an op-
portunity for a hearing. Their supplemental bill, if
properly amended, may be sustained as a bill seeking
original relief by the foreclosure of their mortgage,
but as against the plaintiffs in error the original decree
can be given no effect whatever.''*

In *Culver v. Lincoln Sav. & Bldg. Ass'n,* 271 Ill. App.
91, the Appellate Court for the Third District had be-
fore it a case in which complainant (purchaser at a
foreclosure sale) filed a bill against the holder of a sub-
ordinate lien against the premises who had inadvertent-
ly been omitted as a party to the foreclosure proceed-
ing. The bill prayed the entry of a decree providing
that if there was no redemption by the mortgagor or
his assigns within 12 months from the foreclosure sale,
the junior creditor should be allowed to redeem by pay-
ing either the amount of the mortgage indebtedness
or the amount bid at the foreclosure sale within the
limited time, and that in default of such redemption
he should be foreclosed of all interest in the realty.
The decree was entered as prayed. Upon appeal de-
fendant contended that the sale under the foreclosure
discharged the lien of the first mortgage; that com-
plainant had no interest under which she could main-
tain her suit. The Appellate Court reviewed all the
authorities, and while holding that complainant could
maintain her suit, further held that defendant lienor
could not be bound by the former decree in the fore-
closure case. The court said:

''The decree in this cause, entered December 23,
1931, bound appellant by the results of the sale in the
former case and found it was a beneficial sale in the
interest of appellant. This was error.

''The decree further found that appellant should
have the right to redeem within three months after
May 27, 1932. This was error. Appellant should be
decreed its full statutory time to redeem following a

sale in this cause of action, and appellant should not be held to pay any of the costs of the former suit and proceeding.''

. The above cases set forth the law as it exists in Illinois and are, we think, controlling. However, in *Parker v. Child,* 25 N. J. Eq. 41, a case decided in 1874, the Court of Errors and Appeals of New Jersey held that the purchaser under foreclosure of a first mortgage could file a bill to compel a second mortgagee, who had been omitted as a defendant to redeem from the sale or be foreclosed. The question there seems to have been considered without regard to any statutory right of redemption such as now exists in Illinois, and the question as to whether the remedy of complainant by such a bill was exclusive does not seem to have been considered.

Whatever the rule may be in any other State, we hold that plaintiff in such case is not, in Illinois, compelled to rely upon such remedy exclusively. The Illinois decisions above reviewed show that so far as defendant was concerned, the mortgage notes, etc., were not merged in the original foreclosure decree or destroyed by it. As to defendant, that decree was null and void. His lien by reason of his judgment was a property right of which under our statute he could not be deprived without a proceeding which would preserve to him his right to have the mortgage and indebtedness proved by competent testimony and assure to him his right of redemption. The usual method of determining these matters is by a bill to foreclose the mortgage. This defendant had not been foreclosed by the former proceeding because as to him it was a nullity. The method adopted by plaintiffs seems to preserve every possible right of defendant and to place upon him no unjust burden. Defendant cannot be permitted to assume inconsistent positions. He cannot be heard to say that the former decree of foreclosure is void and

at the same time assert that the mortgage and indebtedness were merged in it. We do not doubt that defendant Landise, prior to the beginning of plaintiffs' suit, might have filed a bill to redeem, or possibly in this suit he might have filed a counterclaim asking such relief. Ill. State Bar Stats. 1935, ch. 110, sec. 38, ¶ 166. He did not avail himself of his right in this respect. His position seems to be that plaintiffs' only and exclusive remedy was to file a bill against him to compel him to do that which on his own volition he was entitled but failed to do. In view of the position defendant assumed, plaintiffs are in equity deemed to be, so far as defendant is concerned, equitable assignees of the first mortgage. It follows that plaintiffs could, as such owners and assignees, foreclose that mortgage as against any person holding a valid subordinate lien which had not been foreclosed. The method adopted protects every equitable and legal right of defendant.

The decree is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.