[No. 56340–3.   En Banc.   March 14, 1991.]

U.S. BANK OF WASHINGTON, *Appellant,* v. MARY ANN HURSEY, *Respondent.*

*Witherspoon, Kelley, Davenport & Toole, P.S.,* by *Kristine A. Chrey,* for appellant.

*Michael L. Flynn, P.S.,* for respondent.

DORE, C.J.—U.S. Bank of Washington appeals a summary judgment dismissing its foreclosure action against respondent Mary Ann Hursey on res judicata grounds. The bank judicially foreclosed a mortgage it held on property owned by P&B Services, Inc. (hereinafter P&B), and purchased the encumbered property at the execution sale. Hursey, a junior lienor, was not joined in the foreclosure action because an indexing error by the court clerk's office caused her lien not to appear in the court records.

## FACTS

On January 23, 1981, to secure payment of a promissory note, P&B executed a mortgage in favor of U.S. Bank's predecessor in interest, Old National Bank of Washington (ONB). The mortgage encumbered property in Pierce County and was recorded on January 30, 1981. On January 13, 1982, Hursey obtained a judgment against P&B in federal court for $17,327.24, and on February 1, 1984, filed this judgment in Pierce County.

P&B defaulted on its obligation to ONB, and the bank filed suit to foreclose its mortgage on February 7, 1984, joining junior lienors the Internal Revenue Service and the Washington State Employment Security Department. The bank did not join Hursey, being unaware of her lien because the Pierce County Superior Court Clerk had mistakenly reversed the names when her judgment was entered and Hursey was not listed in the court records as the judgment creditor.

On November 2, 1984, the Pierce County Superior Court entered an order granting summary judgment and a decree of foreclosure in ONB's foreclosure action. ONB's judgment against P&B was for $48,665.65. The county sheriff sold the property on March 1, 1985 to ONB for $51,101.92. An order confirming the sale was entered on April 19, 1985.

ONB discovered the existence of Hursey's lien when contacted by her attorney in early May 1985. The parties stipulated to Hursey's intervention in the case, and an order to that effect was entered on August 8, 1985. On September 27, 1985, the trial court granted ONB's motion to open the summary judgment order and decree of foreclosure and to vacate the sale under CR 60(b). ONB amended its complaint to add Hursey and moved for summary judgment and a decree of foreclosure on its amended complaint. The motion was granted on January 17, 1986. On August 8, 1986, the court amended its order to increase the judgment amount. The sheriff again sold the property to ONB, and an order confirming the sale was entered on January 23, 1987.

Hursey appealed and, on June 8, 1987, Division Two reversed the order to open the summary judgment of foreclosure and vacated all subsequent orders. The Court of Appeals held the omission of Hursey from the original complaint did not justify vacation under CR 60(b). The court denied ONB's June 30, 1987, motion for reconsideration on August 31, 1987. On September 27, 1987, new evidence surfaced indicating that Hursey's name was omitted

from the litigation report as a result of the Pierce County Superior Court Clerk's clerical error. On September 30, 1987, ONB filed a motion in Division Two to direct the trial court to take additional evidence and to make additional findings and conclusions. The court apparently never ruled on this motion.

ONB then petitioned this court for review. On August 3, 1988, ONB filed in this court its motion to direct the trial court to take additional evidence and to make additional findings and conclusions. On October 4, 1988, this court denied ONB's motion and its petition for review. *Old Nat'l Bank of Wash. v. P&B Servs., Inc.*, 111 Wn.2d 1015 (1988).

On December 19, 1988, U.S. Bank, ONB's successor, began a new foreclosure action against Hursey in Pierce County Superior Court. On June 30, 1989, the court dismissed the action on res judicata grounds. The court also ruled that U.S. Bank's mortgage was extinguished by merger upon the property's sale and was not revived by the new foreclosure action. This summary judgment is the subject of the instant appeal.

Meanwhile, on February 9, 1989, Hursey filed for a writ of execution against the encumbered property and, on that same day, the court clerk signed an order directing the sheriff to sell the property to satisfy Hursey's judgment. On April 21, 1989, the court approved U.S. Bank's request to file a supersedeas bond to prevent Hursey's execution and sale pending final appeal.

On April 11, 1989, U.S. Bank filed a motion for reconsideration of the second foreclosure action in Pierce County Superior Court. The motion was denied by order dated June 30, 1989. The bank now seeks direct review in this court. Hursey cross–appeals, alleging that the trial court erred when it denied her attorney fees and permitted U.S. Bank to supersede enforcement of her judgment. Hursey also seeks terms against U.S. Bank pursuant to RAP 18.9(a).

ANALYSIS

I

The parties raise a number of issues on this appeal and cross appeal. The first is whether U.S. Bank, a foreclosing senior lienor who mistakenly omitted Hursey, a junior lienor, may reforeclose its lien, joining Hursey. We hold that reforeclosure is proper where a junior lienholder has been mistakenly omitted from a foreclosure action.

Although a junior lienor's interest will be extinguished by being joined in the foreclosure of a senior lien,[1] a decree of foreclosure does not affect the interest of a junior who was not joined in the foreclosure action. *Spokane Sav. & Loan Ass'n v. Liliopoulos,* 160 Wash. 71, 73–74, 294 P. 651 (1930). For this reason, U.S. Bank seeks to reforeclose its mortgage, joining Hursey. Hursey claims her inadvertent omission elevated her junior lien to first position and the bank may not reforeclose.

This is a case of first impression in this state, although in 1923 we discussed the propriety of reforeclosure in dicta:

"A decree in a foreclosure suit, so long as it remains in full force, is a bar to any second action for foreclosure between the same parties on the same mortgage, *although a new action may be instituted to bring in and foreclose a defendant who was omitted through a mistake or ignorance of his claims.*

(Italics ours.) *Tacoma Sav. Bank & Trust Co. v. Safety Inv. Co.,* 123 Wash. 481, 484, 212 P. 726 (1923) (quoting 27 *Cyclopedia of Law and Procedure* 1537 (1907)).

This court's statement in *Tacoma Sav. Bank* is consistent with holdings in each jurisdiction to which we were cited by the parties. *See, e.g., Deming Nat'l Bank v. Walraven,* 133 Ariz. 378, 651 P.2d 1203 (1982); *White v. Mid–State Fed. Sav. & Loan Ass'n,* 530 So. 2d 959 (Fla. Dist. Ct. App. 1988). These courts hold, apparently unanimously, that a senior lienor who mistakenly omits a junior from a

---

[1]When a senior lienor forecloses and joins a junior lienor, the property is sold free of the junior lien. The sale proceeds are applied first to pay the senior lien, with any excess being applied to pay the junior lien.

foreclosure action is entitled as a matter of right to reforeclose its lien to join the junior. Some jurisdictions go even further to hold that a senior may reforeclose its lien *regardless of the reason the junior was omitted.* For example, a New York case states:

> This right to foreclose or reforeclose as against a junior lienor who was not a party to the former action is an absolute right which the senior lienor and his assigns may exercise at any time; and it may be exercised without regard to the reason for failing to join the junior lienor in the first action or for eliminating him from that action. As to the junior lienor, this is an original foreclosure action which is brought with the same right as the first foreclosure action. In other words, the right of a mortgagee or one holding a senior lien is in no way impaired because he chooses to cut off piecemeal the rights of junior lienors. For that purpose the senior lienor and his assigns may go to the expense of bringing as many independent foreclosure actions as they desire. It follows, therefore, that their selection of certain junior lienors as the defendants in one action in order to cut off their interests first is not a bar to their bringing an action subsequently against other junior lienors in order to cut off their interests.

(Citations omitted.) *Mortgage Comm'n Realty Corp. v. Columbia Heights Garage Corp.,* 169 Misc. 618, 620, 7 N.Y.S.2d 740, 742 (1938). For other cases permitting a senior to reforeclose against an omitted junior, see *Deming Nat'l Bank v. Walraven, supra; White v. Mid–State Fed. Sav. & Loan Ass'n, supra; Norton v. Newerf,* 45 Cal. App. 10, 187 P. 57, 59 (1919); *Portland Mortgage Co. v. Creditors Protective Ass'n,* 199 Or. 432, 262 P.2d 918 (1953); *Mulholland v. Landise,* 284 Ill. App. 237, 1 N.E.2d 255 (1936); *Ruedy v. Alamosa Nat'l Bank,* 77 Colo. 112, 235 P. 350 (1925). *See also* Platt, *The Dracula Mortgage: Creature of the Omitted Junior Lienholder,* 67 Or. L. Rev. 287 (1988); Note, *Remedies of Junior Lienors Omitted From Prior Foreclosures,* 88 U. Pa. L. Rev. 994 (1940); Annot., *Opening Mortgage Foreclosure Decree To Bring in Omitted Parties,* 155 A.L.R. 66, 67 (1945).

Significantly, Hursey cites no contrary authority. The cases cited by Hursey fail to undermine the bank's position. *See, e.g., Northern Comm'l Co. v. E.J. Hermann Co.,* 22

Wn. App. 963, 971, 593 P.2d 1332 (1979). Rather, they stand for the proposition that one who is not a bona fide purchaser cannot extinguish by purchase the interests of junior lienors who were not joined in the foreclosure action. The bank concedes that it purchased the property subject to Hursey's lien. The issue here is not whether the bank's purchase at its own sale extinguished Hursey's lien, but whether that lien can be extinguished through a second foreclosure. Thus, the cases cited by Hursey are irrelevant.

The probable reason for the dearth of contradictory authority on the reforeclosure question is that reforeclosure is a fair remedy which puts the parties in the position they would have been had the junior been joined in the original action. Even where the senior purchases at its own sale, as did the bank in this case, reforeclosure is justified:

> There is ample justification for such a practice because it does no more than provide for the omitted lienor that which was denied to him at the previous foreclosure, i. e. a sale at which he could appear and protect his interest. Although it forces his hand and bars him from the privilege of exercising a remedy of his own choosing, it does not take away any rights which he possessed before foreclosure. Before the prior foreclosure he was subject to such a proceeding upon maturity of the senior mortgage. Since the purchaser is accorded the rights of the senior incumbrancer, there is no reason why a prior omission should bar this legitimate right.

Note, 88 U. Pa. L. Rev. at 1006 (1940). We hold the bank is entitled to reforeclose and has the right to join Hursey in such proceeding.

A related issue raised by the bank is whether the trial court erred by holding that U.S. Bank's mortgage was extinguished by merger and not revived by the reforeclosure action. Our decision that the bank is entitled to reforeclose and join Hursey in such action effectively disposes of this issue.[2]

---

[2]In the interests of completeness, we note that merger is not favored in equity and that there is a presumption against merger where junior liens are involved. *Altabet v. Monroe Methodist Church,* 54 Wn. App. 695, 698–99, 777 P.2d 544 (1989). This court, in *Gill v. Strouf,* 5 Wn.2d 426, 431, 105 P.2d 829 (1940), held that:

## II

The next issue raised by the bank is whether the trial court erred when it held the bank's reforeclosure action was barred on res judicata grounds by the appellate court's opinion. We reverse the trial court's holding because the propriety of the reforeclosure action was not addressed by the Court of Appeals.

■ Res judicata will not preclude a second action unless there is a concurrence of identity between the two actions in four respects: (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Schoeman v. New York Life Ins. Co.*, 106 Wn.2d 855, 858, 726 P.2d 1 (1986). The Court of Appeals vacated the trial court judgment reopening the original judgment under CR 60(b), but did not decide whether the bank could bring a second, independent foreclosure action to extinguish Hursey's lien. Thus, this appellate judgment is not res judicata as to the second foreclosure. Moreover, Hursey was not a party to the original foreclosure judgment, so it has no res judicata effect in the second action. The reforeclosure action is not barred by res judicata.

## III

Hursey assigns error to the trial court's order permitting the bank to supersede execution of her judgment against P&B pending a final decision in this appeal. RAP 8.1(b) permits a *party* to supersede enforcement of a money judgment or decision affecting property. Hursey contends supersedure was improper because the bank was not a party to Hursey's action against P&B. Hursey cites no authority other than RAP 8.1(b) for her contention.

---

[T]he existence of a junior, or intervening, encumbrance or equity will, in the absence of a showing of an intention to the contrary, prevent a merger of a prior mortgage in the fee, where the continued existence of the mortgage is necessary to protect the mortgagee against the intervening, junior claims.

*See also* 3 R. Powell, *Real Property* § 469.1[4] (1987). It thus appears that the trial court erred when it held that the bank's lien was extinguished by merger.

■ Hursey correctly states that RAP 8.1(b) speaks in terms of parties. However, the bank is a party to the action in which the supersedeas bond was posted, *i.e.,* its action against Hursey. The court allowed the bond to be posted to prevent the sale by Hursey of the property *owned by the bank* which was to be the subject of further appeals. The trial court properly permitted the bank to supersede enforcement of Hursey's judgment.

## IV

Hursey's final arguments concern her entitlement to attorney fees at the trial level pursuant to RCW 4.84.185 and terms on appeal pursuant to RAP 18.9. We hold the merits of the bank's case compel a conclusion that the trial court correctly denied Hursey fees, and that Hursey is not entitled to terms on this appeal.

## CONCLUSION

In conclusion, we hold U.S. Bank is entitled to bring a reforeclosure action joining Hursey, the mistakenly omitted junior lienor. Accordingly, the trial court erred in holding: (1) the bank's mortgage was extinguished by merger and was not revived by this action; and (2) the bank's reforeclosure action is barred by res judicata. We further hold the trial court properly permitted the bank to supersede Hursey's judgment and properly denied Hursey attorney fees. Hursey is not entitled to terms on her cross appeal.

We remand to the trial court for proceedings consistent with this opinion.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.