IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ADDAI INVESTMENT GROUP, LLC, | ) | No. 77240-6-I |
| Appellant, | ) | DIVISION ONE |
| v. | ) | |
| DITECH FINANCIAL, LLC, fka GREEN TREE SERVICING, LLC, | ) | UNPUBLISHED OPINION |
| Respondent, | ) | FILED: November 19, 2018 |
| DOES 1 to 20, | ) | |
| Defendants. | ) | |

SMITH, J. — ADDAI Investment Group LLC (AIG) appeals the summary dismissal of its claims against Ditech Financial LLC (Ditech). It argues that Ditech's deed of trust on a condominium was extinguished when the condo was sold at a sheriff's sale and Ditech failed to redeem the property within the statutory period. But because Ditech was not a party to the underlying foreclosure action, its deed of trust was unaffected by the foreclosure and Ditech was entitled to proceeds from AIG's later sale of the property. We affirm.

FACTS

In October 2007, Jeanette Zimmerman purchased a condo and borrowed $88,000 from Catlin Capital Inc. Zimmerman's loan repayment obligation was secured by a deed of trust that was recorded on October 7, 2007. Catlin later

transferred its interest in the deed of trust to Green Tree Servicing LLC, Ditech's predecessor by merger.

Sixty-01 Association of Apartment Owners recorded a Notice of Claim of Lien against the condo on June 23, 2014, for unpaid assessments. In September 2014, the association sued Zimmerman to foreclose the lien. The association did not name Ditech as a party to the foreclosure action or give Ditech any notice of the action. The association obtained a judgment against Zimmerman on December 31, 2014.

At a sheriff's sale on April 3, 2015, AIG bought the condo for $17,755.73. The redemption period expired on April 3, 2016. On August 24, 2016, AIG sold the condo to a third party for $189,000. The escrow company withheld $101,235.95 of the proceeds to pay off Ditech's deed of trust.

AIG believed that Ditech's deed of trust was extinguished after the redemption period and that Ditech was not entitled to any funds from the sale. As a result, AIG sued Ditech, alleging that it was guilty of conversion, negligence, and violating the Condominium Act at RCW 64.34.364, the redemption process at chapter 6.23 RCW, and the Washington State Consumer Protection Act, chapter 19.86 RCW. Both parties moved for summary judgment. The trial court granted Ditech's motion and denied AIG's motion, dismissing all of AIG's claims.

AIG appeals.

ANALYSIS

AIG argues that the trial court improperly dismissed its claims because the association's foreclosure action extinguished Ditech's deed of trust. We disagree.

"[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (alteration in original) (quoting CR 56(c)). Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and it fails to make a factual showing sufficient to establish an element essential to its case, summary judgment is warranted. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party shows there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions. Elcon Const., 174 Wn.2d at 169.

"It is a fundamental principle of mortgage law that a valid judicial foreclosure of a senior mortgage extinguishes all junior interests whose holders were named as defendants." Worden v. Smith, 178 Wn. App. 309, 319-20, 314 P.3d 1125 (2013) (emphasis omitted) (citing U.S. Bank of Wash. v. Hursey, 116 Wn.2d 522, 526, 806 P.2d 245 (1991); RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 7.1 cmt. a (1997)). But a "mortgagee's interest cannot be affected by a lien foreclosure unless the foreclosing party joins the mortgagee as a party to the foreclosure action." MB Const. Co. v. O'Brien Commerce Ctr. Assocs., 63

Wn. App. 151, 158, 816 P.2d 1274 (1991); see also Valentine v. Portland Timber & Land Holding Co., 15 Wn. App. 124, 128, 547 P.2d 912 (1976) ("joinder of any person having an interest in the property is essential in that, if not joined, his interest will not be affected by the foreclosure"). "[A] decree of foreclosure does not affect the interest of a junior who was not joined in the foreclosure action." Hursey, 116 Wn.2d at 526 (citing Spokane Sav. & Loan Soc. v. Liliopoulos, 160 Wash. 71, 73-74, 294 P. 561 (1930)).

Here, Ditech was not a party to the association's foreclosure action. Therefore, its deed of trust on the condo was not extinguished during the foreclosure action and it was entitled to proceeds from AIG's sale of the condo. Because AIG cannot show any genuine issue of material fact that Ditech wrongfully retained those sale proceeds, the trial court properly dismissed AIG's claims on summary judgment.

AIG argues that Ditech's deed of trust was rendered junior to the association's lien by the Condominium Act, and therefore, notice of the foreclosure was not required. RCW 64.34.364(2)(b) and (3) states that a homeowner association's lien has priority over a mortgage recorded before the date the assessment is enforced if the lien is for assessments for common expenses. Even assuming that the association's lien did have priority over Ditech's deed of trust, that priority does not work to extinguish Ditech's interest on foreclosure. As explained above, "a decree of foreclosure does not affect the interest of a junior who was not joined in the foreclosure action." Hursey, 116 Wn.2d at 526 (citing Spokane Sav. & Loan, 160 Wash. at 73-74). Because

4

Ditech was not a party to the foreclosure action, its deed of trust was not extinguished. AIG's unsupported argument that it was extinguished is contrary to well settled law.

AIG also argues that Ditech was not entitled to notice of the sheriff's sale or its redemption rights because only the judgment debtor is entitled to notice of those actions. AIG is correct that the statutes regulating sheriff sales and redemption rights only require a judgment creditor to give notice to the judgment debtor. See RCW 6.21.030 (governing notice required for sheriff's sale); RCW 6.23.030 (governing notice required during redemption period). But the sheriff's sale and redemption period both occur after the foreclosure action is reduced to judgment and the statutes governing these later processes do not address the notice required for the original foreclosure action. As such, they are not relevant to the issue of whether Ditech's deed of trust was extinguished by the foreclosure action.

Finally, AIG argues that Ditech's deed of trust was extinguished because Ditech failed to redeem its interest in the property within the one year redemption period. It relies on Summerhill Village Homeowners Ass'n v. Roughley, 166 Wn. App. 625, 289 P.3d 645 (2012). In that case, a condominium association filed a foreclosure action against the property owner for unpaid assessments and named the mortgagor, who held a prior recorded deed of trust, in the action. Id. at 627. Despite being served, the mortgagor did not appear in the foreclosure action and its deed of trust was extinguished as a result. Id. at 629. The mortgagor later sought to redeem the property during the redemption period. Id.

at 627-28. This court held that the redemption statute clearly states that only a creditor whose lien is subsequent in time to the lien foreclosed upon can be a qualified redemptioner. Id. at 630 (citing RCW 6.23.010). We concluded that the mortgagor's deed of trust was filed before, not after, the condominium association's assessment lien, and therefore, the mortgagor was not a qualified redemptioner. Id. at 631. Furthermore, we noted that the mortgagor "had both notice and opportunity to protect its interests and failed to do so." Id. at 632.

Summerhill does not require reversal here. First, to the extent that Summerhill holds that a mortgagor is not a valid redemptioner if it holds a prior recorded deed that is junior to a condominium association's lien, the case suggests that Ditech would not have been entitled to redeem the property. But more importantly, the mortgagor in Summerhill was properly named as a party to the foreclosure action and failed to participate. We plainly concluded that had the mortgagor participated, it could have protected its interest in the property. Here, Ditech was given no such opportunity because it was not named in the foreclosure action. Therefore, the foreclosure action had no effect upon Ditech's interest in the condo and Ditech was not required to redeem the property during the one year redemption period.

For the reasons above, we affirm.

WE CONCUR: