IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| FRED FINDAHL, a single man, | No. 80399-9-I |
| Respondent, | DIVISION ONE |
| v. | |
| KELLIE MARIE DAVIS, CHARLES L.F. PAULSON, and ERICK J.C. PAULSON, Individually and as Trustees of the CHESTER L.F. PAULSON REVOCABLE TRUST, | |
| Appellants, | |
| WELLS FARGO BANK, N.A.; and TOLIN NICHOLS, JANE DOE NICHOLS, and their marital community, | UNPUBLISHED OPINION |
| Defendants, | |
| DANIEL and RANDELL WALTON, husband and wife, and their marital community, | |
| Intervenor Defendants. | |

BOWMAN, J. — Jacqueline Paulson, individually and as the personal representative of the estate of Chester L.F. Paulson, appealed the trial court's order granting summary judgment in a quiet title action in favor of Fred Findahl. Paulson challenged the trial court's conclusion that a homeowner association's foreclosure on a residential property extinguished her judgment lien against the

Citations and pin cites are based on the Westlaw online version of the cited material.

property. Because Paulson failed to establish a genuine issue of material fact for trial and Findahl is entitled to judgment as a matter of law, we affirm.[1]

FACTS

The Yarrow Hill Owners Association (Yarrow Hill) manages a development of homes in Kirkland. Yarrow Hill's Covenants, Conditions, and Restrictions (CCRs), recorded in 1986, authorize it to levy annual and special assessments to pay for common expenses. Homeowners who fail to pay assessments are subject to a lien on their property.

In 2004, Thomas Mino bought residential property in the Yarrow Hill development. At some point, he stopped paying the required assessments. On February 15, 2011, Yarrow Hill filed an action to foreclose on the assessment lien, naming Mino, Bank of America N.A., and several "John Does" as defendants. Mino did not appear or respond to the lawsuit. On December 22, 2011, the court entered a decree of foreclosure, a default judgment of $23,012.71, and an order directing the property to be sold. The judgment provided that it was "a first and paramount lien upon the above-described real estate."

On April 9, 2012, Chester Paulson obtained a judgment against Mino in Oregon in an unrelated action for $380,923.57. On June 6, 2012, Chester

---

[1] Appellant Jacqueline Paulson died while this appeal was pending. Her children and heirs, Kellie Marie Davis, Charles L.F. Paulson, and Erick J.C. Paulson, both individually and as trustees of the Chester L.F. Paulson Revocable Trust, filed a motion to change the designation of parties under RAP 3.2(a), which allows substitution of the real party in interest upon the death of an appellant. Respondent Findahl did not file an opposition to the motion. We grant the motion to substitute the children and heirs of Jacqueline Paulson as the appellants in both their individual capacities and as trustees of the Chester L.F. Paulson Revocable Trust.

executed an exemplification certificate to enforce the Oregon judgment in Washington.[2]

On June 7, 2012, Yarrow Hill voluntarily moved to dismiss the lien foreclosure action against the remaining defendants without prejudice. In an accompanying declaration, the attorney for Yarrow Hill stated:

> 2. On December 22, 2011, a Default Judgment was entered in this action against Defendants Thomas Mino and Jane Doe Mino.
> 3. No other Defendants were served, have appeared, or have answered.
> 4. This case as against all remaining Defendants should be dismissed without prejudice and without costs and fees.

The trial court's order of dismissal, drafted by Yarrow Hill, states, "Now, therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that this case shall be and hereby is dismissed without prejudice and without costs and fees."

On February 27, 2014, Yarrow Hill filed a motion in the lien foreclosure action seeking a supplemental judgment for the amount of unpaid assessments that had accrued since the 2011 default judgment against Mino. Yarrow Hill also sought a finding that Mino had abandoned the property and asked the court to terminate the redemption period under RCW 61.12.093.[3] Yarrow Hill sent notice

---

[2] We refer to Chester and Jacqueline Paulson by their first names when necessary for clarity and mean no disrespect in doing so.

[3] RCW 61.12.093 provides:

In actions to foreclose mortgages on real property improved by structure or structures, if the court finds that the mortgagor or his or her successor in interest has abandoned said property for six months or more, the purchaser at the sheriff's sale shall take title in and to such property free from all redemption rights as provided for in RCW 6.23.010 et seq. upon confirmation of the sheriff's sale by the court. Lack of occupancy by, or by authority of, the mortgagor or his or her successor in interest for a continuous period of six months or more prior to the date of the decree of foreclosure, coupled with failure to make payment upon the mortgage obligation within the said six month period, will be prima facie evidence of abandonment.

of the motion for supplemental judgment to Mino by certified mail. In March 2014, the court entered a supplemental judgment of $27,095.30 against Mino and modified the original judgment to eliminate the right of redemption. The supplemental judgment provided that aside from the modification to the redemption period, the "default judgment dated December 22, 2011 remains in full force and effect."

The court scheduled a sheriff's sale for May 23, 2014. Fred Findahl bought the property at the sheriff's sale. On August 18, 2014, Findahl filed a quiet title action against multiple defendants, including Chester and "Jane Doe" Paulson and their marital community "by reason of a judgment against" Mino entered in 2007.[4] Findahl moved for partial summary judgment, seeking a determination that the sheriff's sale eliminated Chester's 2012 judgment lien. Findahl also requested that the 2012 order of voluntary dismissal be corrected nunc pro tunc to reflect that the court dismissed the remaining defendants, not the Yarrow Hill foreclosure action as a whole.

Chester died during the litigation and his spouse, Jacqueline Paulson, became the personal representative of his estate. Jacqueline, individually and as personal representative of Chester's estate (Paulson), filed a cross motion for summary judgment dismissal of the quiet title action.

The trial court granted summary judgment for Findahl, finding that the execution and sheriff's sale of the property extinguished Paulson's judgment

---

[4] The trial court at first entered a default judgment quieting title as to the Paulsons but later vacated the judgment due to lack of proper service.

lien.[5]  The trial court also found that Paulson had no right to notice during the 2011 execution process because Chester filed the lien judgment in 2012, after the foreclosure action commenced.  The trial court denied Paulson's motion for summary judgment dismissal.  Paulson appeals the grant of summary judgment for Findahl.

ANALYSIS

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  CR 56(c); Cotton v. Kronenberg, 111 Wn. App. 258, 264, 44 P.3d 878 (2002).  We review a trial court's order granting summary judgment de novo.  Mohr v. Grantham, 172 Wn.2d 844, 859, 262 P.3d 490 (2011).  In doing so, we engage in the same inquiry as the trial court and consider the facts and reasonable inferences in a light most favorable to the nonmoving party.  Babcock v. Mason County Fire Dist. No. 6, 144 Wn.2d 774, 784, 30 P.3d 1261 (2001).

Paulson acknowledges she had no right to notice of Yarrow Hill's 2011 judicial foreclosure action because she was not a lienholder of record when Yarrow Hill filed the action.  And Paulson does not challenge the adequacy of notice during the execution process.  Instead, Paulson makes several arguments about why she had a right to notice of Yarrow Hill's 2014 motion for supplemental judgment.  Citing U.S. Bank of Washington v. Hursey, 116 Wn.2d 522, 806 P.2d 245 (1991), she argues that because she was not given notice, the sheriff's sale

---

[5] The record contains a quitclaim deed signed by Mino on August 11, 2017 conveying his interest in the property to Paulson.  The trial court found that Mino could not have conveyed any interest in the property to Paulson through the 2017 quitclaim deed because the 2014 sheriff's sale extinguished his interest.  Paulson does not challenge this finding.

did not extinguish her judgment lien, and so the trial court erred in granting summary judgment in Findahl's quiet title action.[6]

Paulson first argues that the voluntary order of dismissal dismissed Yarrow Hill's lien foreclosure action as a whole. She contends that the voluntary dismissal of a complaint renders the proceedings "a nullity," and thus Yarrow Hill could obtain a supplemental judgment only by filing a new action and serving all lienholders of record. But the court entered the order dismissing the entire lien foreclosure action without prejudice in error. It is clear from Yarrow Hill's motion that the relief they requested was to dismiss the action only as to any remaining defendants. At the summary judgment hearing, the trial court entered an order correcting the dismissal order nunc pro tunc to reflect the court's intention. "[W]here the record demonstrates that the court intended to take, and believed it was taking, a particular action only to have that action thwarted by inartful drafting," it properly enters a nunc pro tunc order to reflect that intention. In re Pers. Restraint of Hendrickson, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009). Paulson does not challenge the trial court's authority to do so.

In the alternative, Paulson argues the court lacked authority to enter the supplemental judgment. Paulson contends that once Yarrow Hill voluntarily dismissed the remaining defendants, the judgment became a final order and Yarrow Hill could not seek additional relief without moving to alter or vacate the

---

[6] Hursey held that a foreclosure of a senior lien extinguishes junior interests only when the foreclosure action names the holders of those interests as defendants. Hursey, 116 Wn.2d at 526.

judgment pursuant to CR 59(h) or CR 60.[7] But Paulson cites no Washington authority to support this proposition. Furthermore, Yarrow Hill did not seek to alter or amend the original judgment. Rather, Yarrow Hill sought additional postjudgment relief—a second judgment for unpaid assessments that had accrued since the entry of the first judgment and waiver of the redemption period because Mino had abandoned the property since entry of the first judgment. Neither CR 59(h) nor CR 60 would apply here.

Finally, Paulson contends that once Yarrow Hill sought a judgment for unpaid assessments for the years 2012, 2013, and 2014, she had a right to notice because her 2012 judgment lien was senior in priority. But Paulson cites no authority in support of the proposition that a foreclosing party must give notice to lienholders who record their interest after the foreclosure action commences. Moreover, a homeowner assessment lien's priority date relates back to the date the association records its CCRs. Klahanie Ass'n v. Sundance at Klahanie Condo. Ass'n, 1 Wn. App. 2d 874, 880, 407 P.3d 1191 (2017), review denied, 190 Wn.2d 1015, 415 P.3d 1192 (2018). "[O]nce a lien for future advances is recorded, it takes priority over subsequently recorded liens, even where an obligation under the lien for future advances does not in fact arise until after the subsequent lien is recorded." BAC Home Loans Servicing, LP v. Fulbright, 180 Wn.2d 754, 763, 328 P.3d 895 (2014). Because Yarrow Hill recorded the CCRs

---

[7] CR 59(h) authorizes the trial court to alter or amend a judgment if a motion is brought within 10 days after entry of the judgment. Under CR 59(h), the trial court may "modify a judgment to make it conform to the judgment intended to be entered." Seattle-First Nat'l Bank Connell Branch v. Treiber, 13 Wn. App. 478, 480-81, 534 P.2d 1376 (1975). CR 60 provides several grounds for vacation of a judgment, including mistake, excusable neglect, fraud, or newly discovered evidence.

in 1986, all of the delinquent assessments related back to that date and had priority for foreclosure purposes over Paulson's 2012 judgment against Mino.

Because Paulson fails to establish a genuine issue of material fact to defeat Findahl's quiet title claim and Findahl is entitled to judgment as a matter of law, we affirm the trial court's summary judgment order in favor of Findahl.

Brennan, J.

WE CONCUR:

Appelwick, J.